John D. Capilli, J.
The third-party defendant, Frances G. Marinello, is moving by way of notice of motion to dismiss the complaint of the third-party plaintiff, Jacob Schaffhauser, on *78 the ground that it fails to state a cause of action. The third-party plaintiff has interposed opposition thereto.
This cause of action arose as the result of an automobile accident between a motor vehicle owned by the plaintiff, Executive Equipment Corporation and operated by its lessee, Frances C. Marinello, the third-party defendant, and the vehicle owned and operated by the defendant and third-party plaintiff, Jacob Schaffhauser. The accident occurred when the vehicle owned by the plaintiff, Executive Equipment Corporation and operated by the third-party defendant, Frances C. Marinello, was stopped at an intersection, waiting to make a turn, when it was struck by the motor vehicle allegedly operated by the defendant and third-party plaintiff, Jacob Schaffhauser.
The plaintiff, Executive Equipment Corporation, sued the defendant, Jacob Schaffhauser, for property damage to its automobile, and the defendant, in turn, impleaded the third-party defendant, Frances C. Marinello, who was the lessee of the plaintiffs automobile, seeking to apportion any damages awarded to the plaintiff between the defendant and the third-party defendant.
The moving papers of the third-party defendant present still another gray area of the law created by the decision in Dole v Dow Chem. Co. (30 NY 2d 143).
This court finds no fault with the third-party defendant’s interpretation of the decision in the case decided by the Court of Appeals of the State of New York in Continental Auto Lease Corp. v Campbell (19 NY2d 350), where the holding that the negligence of a driver cannot be imputed to the absentee owner of a vehicle is sound and is substantially in line with present-day decisions. (Smith v Ford Motor Co., 43 AD2d 965.)
Under the leasing contract, the plaintiff, Executive Equipment Corporation, is obligated to insure and hold the third-party defendant, Frances C. Marinello, harmless of any liability and to defend her against any claims which may be brought as a result of any auto accident.
To sustain the contention that the recovery over and against the third-party defendant in whole or in part is, in effect, a recovery against the plaintiff is in direct contravention of the holding in the Continental case (supra) and cannot be accepted by this court.
The basis of a third-party action is one for contribution only *79 and does not arise until after the plaintiff has recovered a judgment against the defendant and this holding does not contravene the Continental case (supra) since there is no negligence attached to the plaintiff.
The indemnity clause in the lease is separate and apart from the main action and there was consideration paid for by the third-party defendant as part of the cost and expense of leasing the car.
Based upon the foregoing, the motion to dismiss the complaint of the third-party plaintiff on the ground that it fails to state a cause of action is hereby denied.