■ ABRAHAM KAUFMAN, as Administrator of the Estate of REBECCA KAUFMAN, Deceased, Respondent, v TOWERS TRANSPORTATION, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Kings County, entered May 18, 1977, which is in favor of plaintiff's intestate, upon a jury verdict. This appeal also brings up for review a prior determination of the same court, dated November 10, 1976, which granted plaintiff's intestate's motion to strike from defendants' answer their denial that it was their vehicle which struck the plaintiff's intestate. Judgment reversed as to the issue of liability, on the law, and action remanded to Trial Term for a new trial as to that issue only, which trial is to be held with all convenient speed, and so much of the appeal as relates to the issue of damages is held in abeyance in the interim pending such retrial. Prior to the trial herein, plaintiff's intestate sought compensation pursuant to the "no-fault" provisions of defendants' automobile liability insurance policy. In furtherance of that end, plaintiff's intestate commenced an arbitration proceeding against defendants' insurer, at the conclusion of which the arbitrator determined that it was defendants' vehicle which had come into contact with her. In granting plaintiff's intestate's motion to strike the denial of the fact that their vehicle struck her from defendants' answer, the Special Term held that the determination in the arbitration proceeding was binding upon defendants and that it was res judicata as to that issue. Accordingly, and in turn, the trial court conducted the trial in adherence to Special Term's determination, as it should have, and instructed the jurors that the issue of contact and, a fortiori, defendants' involvement in the accident, had already been determined in plaintiff's favor. Special Term's decision was incorrect; the arbitration proceeding was against the insurer only and the determination therein was not binding upon the defendants; they retained the right thereafter to deny their involvement in the accident and to have that threshold question as to their liability determined by a jury (see *Phillips v Presswood,* 58 AD2d 624). Accordingly, a new trial is required as to the issue of liability. We make no determination as to the issue of damages at this time and have held that issue in abeyance pending the trial as to the issue of liability. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.

■ PAULA J. KELLY, Respondent, v MICHAEL R. KELLY, Appellant. PAULA J. KELLY, Appellant, v MICHAEL R. KELLY, Respondent.—Order of the Supreme Court, Richmond County, dated June 30, 1977, affirmed, without costs or disbursements. No opinion. Order of the Supreme Court, Richmond County, dated December 15, 1977, affirmed, without costs or disbursements, with leave to plaintiff to reapply to Special Term for a counsel fee as to the appeal. No opinion. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.