OPINION OF THE COURT

Per Curiam.

This appeal involves an attempt by defendant to use a prior dismissal "without prejudice” as the basis for a res judicata dismissal of plaintiffs complaint in the present action. The essential record facts are not in dispute. Plaintiffs predecessor-in-interest commenced an action against this defendant pleading five distinct but related causes of action. The first cause of action involved a claim by plaintiffs predecessor to an interest in another company in which defendant also claimed an interest. The other four causes of action concerned *958 alleged breaches of a contract of employment between plaintiffs predecessor and defendant.
Following a nonjury trial, the court resolved the issues in the first cause of action in favor of defendant, but in the court’s written opinion no mention was made of the other four causes of action. Defendant then submitted a proposed judgment, awarding judgment to defendant on the first cause of action and dismissing the other four causes of action "on the merits”. Before signing the judgment, the court crossed out the words "on the merits” and replaced them with the phrase "without prejudice to the plaintiff proceeding as he may be advised”. Defendant neither moved to resettle, nor sought to appeal from that judgment insofar as the dismissal was without prejudice. Plaintiffs predecessor did appeal, but the Appellate Division affirmed (Main St. Fashions v Zeiler, 52 AD2d 778), and this court denied leave to appeal (39 NY2d 711).
Plaintiff then commenced the present action, based on the four causes of action which had been dismissed "without prejudice” in the prior action. Defendant moved to dismiss on the ground of res judicata, but Special Term denied that motion. On appeal, however, the Appellate Division reversed and ordered the complaint dismissed. In so holding, the Appellate Division erred.
It is, of course, axiomatic that a party seeking to assert res judicata or claim preclusion must show the existence of a prior judgment on the merits. In the instant case, defendant has clearly failed to meet that burden. Indeed, the judgment in the prior action itself belies defendant’s claim, for the act of the Judge in crossing out the words "on the merits” and replacing them with the language "without prejudice” surely indicates a refusal to rule upon the merits of those causes of action. Moreover, an examination of the record of the trial in the prior action shows that although evidence was submitted which might be construed as relating to all five causes of action, in fact the only issues squarely presented to the court for resolution in that action were those deemed dispositive of the first cause of action. Under these circumstances, it would be improper and unjust to prevent plaintiff from litigating his remaining claims.
We would note that our decision today is not to be taken as any indication whether the trial court in the first action could or should have disposed of remaining causes of action at that time, for that question is not before us. Defendant was free to *959 move to resettle or to appeal the dismissal insofar as it was without prejudice. Having failed to do so at the proper time, he may not now do so, and is bound by that prior judgment. His present predicament is, in a sense, of his own doing, for if the prior judgment of dismissal should in fact have been on the merits, defendant should have clarified that matter at the time.
Finally, we would note that our decision today involves only the question whether the dismissal serves to bar plaintiff’s claims altogether. Our conclusion that it does not, in no way involves any determination as to the collateral estoppel or issue preclusion effect, if any, of the factual determinations made by the trial court in that prior action.
Accordingly, the order appealed from should be reversed, and the matter remitted to Supreme Court, New York County for further proceedings on the complaint, with costs to abide the event.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.