MILLER MANUFACTURING COMPANY, INC., Appellant, v NORMAN ZEILER, Respondent.

First Department, February 5, 1980

## APPEARANCES OF COUNSEL

*Jeffrey G. Stark* of counsel *(English, Cianciulli & Peirez, P. C.,* attorneys), for appellant.

*Edward N. Costikyan* of counsel *(Andrew Kull* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J. P.

In 1970 while defendant Norman Zeiler (Zeiler) was president of plaintiff's assignor, Main Street Fashions, Inc. (Main Street), fashion designer Bill Blass (Blass) proposed a new joint venture to be known as Blassport, Ltd. (Blassport) to engage in the manufacture of higher priced women's sportswear. Defendant related the proposal to Leighton Rosenthal (Rosenthal), president of Main Street's parent company Work Wear Inc. (Work Wear). Rosenthal authorized Zeiler to pursue the matter. Zeiler actively participated in the formation and development of the new enterprise. While negotiations proceeded, Main Street's personnel, facilities and financing were used for the new venture. Separate accounts were maintained, consonant with the separate entities and the pending negotiations. Rosenthal and Work Wear acquiesced in these activities including the use of Main Street's personnel, facilities and financing. However, no agreement was ever consummated between Work Wear or Main Street and Blass.

In September, 1971 Zeiler informed Rosenthal that he was personally acquiring a 50% interest in Blassport. There was no objection by Rosenthal or Work Wear. However Rosenthal directed that Blassport repay the advances made by Main Street. Zeiler continued to participate in the active management of Main Street as well as Blassport until June, 1973 when Zeiler and Main Street mutually agreed to terminate Zeiler's employment with Main Street.

Shortly thereafter Main Street instituted an action against Zeiler and Blassport seeking (1) a declaratory judgment that Main Street, not Zeiler, was a 50% owner of Blassport; (2) an accounting; (3) damages premised upon Zeiler's diversion of a corporate opportunity and breach of his employment agreement with Main Street. The case came to trial before Justice SANDERS, sitting without a jury. At the opening of the trial plaintiff's counsel stated: "In that connection I call to the

court's attention that the request for relief as to the first cause of action is that there be a declaration that the plaintiff is an owner of a 50% interest and is entitled to receive one-half of the total shares of the capital stock of Blassport and the defendant has no equity in Blassport Ltd. That is the prayer for relief in part." Counsel for defendant replied: "I agree that this is the basic issue, and if it is determined adversely to the plaintiff all other issues will collapse * * *. My observation is that the 50% claim that plaintiff is asserting is against the 50% equity that we contend we have, that is all. That is the only issue in the case."

In his decision after trial, Justice SANDERS stated in pertinent part: "There is one basic issue to be determined in connection with this litigation. Whether Main Street or Zeiler owns 50% of the stock of Blassport." Upon analysis, Justice SANDERS found that the 50% interest was owned by Zeiler and not by Work Wear or Main Street. Justice SANDERS rendered a judgment declaring that Main Street had no ownership interest in and was not entitled to receive any of the shares of Blassport stock, and declaring that Zeiler had a 50% ownership interest in Blassport, Ltd. and was entitled to receive 50% of the shares of stock of that company. Judgment was entered as to the first cause of action in conformity with the court's decision. As to the four remaining causes, the court struck out of the proposed judgment the words "on the merits" and instead directed that the remaining causes "are dismissed without prejudice to the plaintiff proceeding as he may be advised." On plaintiff's appeal, judgment was affirmed by the Appellate Division "on the decision of Sanders, J." (*Main St. Fashions v Zeiler*, 52 AD2d 778, mot for lv to app to the Court of Appeals den 39 NY2d 711).

A new action was begun by Main Street's assignee alleging causes of action virtually identical with the second through fifth causes in the initial complaint. Justice GELLINOFF denied defendant Zeiler's motion to dismiss premised upon *res judicata* and collateral estoppel. This court reversed, concluding that the complaint was barred by reason of "former adjudication" (*Miller Mfg. Co. v Zeiler*, 59 AD2d 692). The Court of Appeals, however, reversed this court, concluding that Justice SANDERS' original dismissal of the claims "without prejudice" precluded application of *res judicata* (45 NY2d 956). In reversing, the Court of Appeals concluded (p 959): "Finally, we would note that our decision today involves only the question

whether the dismissal serves to bar plaintiff's claims altogether. Our conclusion that it does not, in no way involves any determination as to the collateral estoppel or issue preclusion effect, if any, of the factual determinations made by the trial court in that prior action."

Defendant then moved for summary judgment at Special Term, contending that the issues of corporate opportunity and breach of the employment contract were raised, litigated and decided in the prior action and that accordingly plaintiff is collaterally estopped from raising them once again. On the other hand, plaintiff contended that the Court of Appeals reversal of this court on the prior appeal and the Court of Appeals reliance upon the phrase "without prejudice" in Justice SANDERS' opinion demonstrated that plaintiff is not barred either by *res judicata* or issue preclusion. Special Term granted defendant summary judgment on the ground of equitable estoppel.

It is plain enough that there is a collateral estoppel where there has been an identity of issues necessarily decided in the prior action which is decisive in the second action, provided there was a full and fair opportunity to contest the decision now said to be controlling *(Schwartz v Public Administrator,* 24 NY2d 65, 71). Nothing in the prior decision here is to the contrary. Concededly Justice SANDERS, on the first trial, did not directly decide the merits of the causes of action for diversion of corporate opportunity or for breach of contract. And this is what the Court of Appeals held. The judgment by its terms did not dispose of the claims now urged. However, it is the clear implication of the Court of Appeals that factual determinations previously made are to be given preclusive or estoppel effect. Moreover, Justice SANDERS did make specific findings of fact relevant to those causes of action in resolving the ownership questions. With respect to such "factual determinations", there is a "collateral estoppel or issue preclusion effect," as the Court of Appeals ruled. To ground summary judgment upon such findings would not deprive plaintiff of the opportunity to litigate its claim but merely would recognize that no material fact issues remain to be tried.

Justice SANDERS found Zeiler's activities with Blassport were performed with the acquiescence and consent of Work Wear and its president Rosenthal, who authorized and instructed Zeiler's initial activity. Justice SANDERS further found that Zeiler advised Work Wear of his intention to personally

acquire the 50% interest in Blassport in September, 1971 but that Main Street continued to pay Zeiler's salary until his contract was terminated in June, 1973. Neither the substantial salary nor the work was called in question. Such findings are totally inconsistent with plaintiff's claims that there was a diversion of a corporate opportunity or a breach of the employment contract. In ascertaining that Zeiler acquired the 50% interest for himself, Justice SANDERS necessarily rejected the conclusion that that 50% interest belonged to Work Wear or Main Street. A judgment requiring Zeiler to account now or respond in damages for the 50% interest would "destroy or impair" the rights, interests and obligations of his contract established by the prior judgment (*Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307). If collateral estoppel or issue preclusion effect is to be given to the finding that Zeiler rightfully acquired the 50% interest with the knowledge, consent and acquiescence of Main Street and Work Wear, the conclusion is compelled that no corporate opportunity was diverted. There is an estoppel. A conclusion that Zeiler breached his contract in acquiring the interest in Blassport or in working for Blassport would ignore the express findings by Justice SANDERS that Zeiler's activity was authorized and instructed by Rosenthal and that neither his salary nor his activity was ever questioned. Such knowledge and consent, previously found, equitably estop plaintiff's causes of action. Holding Zeiler liable in damages would "destroy or impair" the prior judgment and the rights there found to belong to Zeiler.

A trial is not required by the Court of Appeals statement that "it would be improper and unjust to prevent plaintiff from litigating his remaining claims" (45 NY2d, at p 958). A motion for summary judgment is as effective and complete a means of litigating a claim as is an actual trial of the action. Since it is plain that there are no triable issues of fact, summary judgment was properly granted to the defendant dismissing the complaint.

The order of the Supreme Court, New York County (KIRSCHENBAUM, J.), entered June 12, 1979, granting defendant summary judgment dismissing the complaint, should be affirmed, together with costs.

SANDLER and BLOOM, JJ., concur; MARKEWICH, J., concurs in result only.

Order, Supreme Court, New York County, entered on June 12, 1979, affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal.