■ BELINDA PATTERSON, an Infant, by Her Father and Natural Guardian, DAVIS PATTERSON, et al., Plaintiffs, v ENGRACIO CORTES, Respondent. (Action No. 1.) BELINDA PATTERSON, Claimant, and JAY ROSENBLUM, as Assignee, Appellant, v STATE FARM INSURANCE COMPANY, Respondent. (Action No. 2.)—In a negligence action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Kings County, dated October 24, 1979, which granted the motion of the defendant and State Farm Insurance Company (respondent in a pending arbitration proceeding) to consolidate the action with the arbitration pro-

ceeding. Order reversed, on the law, with $50 costs and disbursements, and motion denied. On July 19, 1977 Belinda Patterson (Patterson), an infant, was injured by an automobile owned and operated by the defendant, Engracio Cortes. The accident occurred as Patterson was walking in the parking lot of Queens General Hospital. At the time, Patterson was employed at the hospital by the "Youth Employment Program CETA —Summer 1977"; Cortes was a hospital employee. Patterson and her assignee, Dr. Jay Rosenblum, sought no-fault medical benefits from Cortes' insurer, State Farm Insurance Company (State Farm). Their claims were denied, in part, upon the ground of Patterson's alleged eligibility for workers' compensation benefits. Patterson and Rosenblum demanded arbitration and the two arbitrations were subsequently consolidated. To date, no hearing has been held on the consolidated arbitration, which has been adjourned several times. In the meanwhile, Patterson, through her father, commenced a personal injury action against Cortes in the Supreme Court, Kings County. After interposing an answer which made no mention of workers' compensation, the defendant sought the court's permission to serve an amended answer, asserting, as a defense, that he and Patterson were coemployees, that Patterson's injuries arose in the course of her employment, and that workers' compensation was her exclusive remedy. The defendant's motion was denied, with leave to renew upon proper papers. Thereafter, the defendant and State Farm sought to consolidate the action with the pending arbitration, claiming that consolidation was necessary in order to "prevent the possibility of inconsistent results, and an unfair arrival at a point of res judicata". Their motion was granted in the order appealed from. We are aware of no authority, either in statute or case law, for the consolidation of an action and an arbitration proceeding. The motion to consolidate should have been denied. We note, additionally, that the respondents' concern that an adverse award in the arbitration would be given *res judicata* or collateral estoppel effect in the personal injury action, is ill founded. Since Cortes, the defendant in the personal injury action, is not a party to the arbitration, the award would not be binding upon him (see *Kaufman v Towers Transp.*, 63 AD2d 669). Titone, J. P., Gibbons, Gulotta and Margett, JJ., concur.