■ LINDA LA BUDA, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 59044.) — Cross appeals from a judgment in favor of claimant, entered July 22, 1980, upon a decision of the Court of Claims (Murray, J.). On March 18, 1971, at approximately 2:30 A.M., claimant was driving with a friend, James O'Sullivan, west along New York State Route 213 in the Town of Rosendale, Ulster County. On encountering a patch of ice, claimant skidded, lost control of her car and struck a stone wall located on the north side of the road. James O'Sullivan sued claimant in Supreme Court for damages sustained as a result of the accident. Following trial, a judgment was entered for O'Sullivan in the amount of $40,232. Claimant then commenced the instant action in the Court of Claims for contribution, alleging that the

State was negligent in constructing, maintaining and repairing Route 213. After trial, the Court of Claims found that the accident was caused by the negligence of both the State and claimant and assigned 40% of the fault to the State and 60% to claimant. Judgment was entered against the State for $16,092.80 (40% of the $40,232) plus interest from the date of its decision. These appeals ensued. Claimant argues that the Court of Claims' assignment of 60% liability to her was not supported by the evidence. On this issue, however, we agree with the Court of Claims. The record established that although claimant had notice of a hazardous water condition, she took no special precautions. Further, claimant admitted that on encountering the ice, she closed her eyes and "slammed on the brakes". The State challenges the Court of Claims' finding that it was negligent and that this negligence was a proximate cause of the accident. In this regard, although the State has a duty to properly construct, maintain and repair State highways, "mere proof that an accident was caused by an automobile skidding on any icy State highway does not alone establish negligence on the part of the State * * *. To hold the State liable there must be a clear demonstration that, with knowledge of the existence of a dangerous condition, the State failed to remedy it." (*Valentino v State of New York,* 62 AD2d 1086, 1087, 1088, app dsmd 46 NY2d 1072; see, also, *Tromblee v State of New York,* 52 AD2d 666). The Court of Claims found that the State had notice of a dangerous water condition on Route 213 and that it failed to take adequate measures to rectify the condition. There is ample evidence in the record to support this conclusion. Claimant's expert testified that the drainage system for the portion of the highway on which the accident occurred was inadequate. In addition, considerable testimony was presented to the effect that the water condition existed for an extended period of time, that a similar accident had occurred at the same location in mid-February of 1971, and that the Department of Transportation had been contacted about the water problem prior to the date of claimant's accident. The State next contends that it was error for the Court of Claims to base its award on 40% of the judgment entered in the Supreme Court action because the State was not a party to that action. It is a fundamental rule that "[d]ue process * * * [does] not permit a litigant to be bound by an adverse determination made in a prior proceeding to which he was not a party" (*Gilberg v Barbieri,* 53 NY2d 285, 291; see, also, *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Since the State was not a party to the Supreme Court action and the Court of Claims' award was based solely on the judgment entered in that action, the State never had an opportunity to litigate the damages issue. Accordingly, this case should be remitted to the Court of Claims to allow the State an opportunity to litigate the amount of damages sustained by James O'Sullivan as a result of the accident (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3019:65, p 289). We note in passing that the Court of Claims properly denied claimant predecision interest on the award. A cause of action for contribution does not arise out of contract (*McDermott v City of New York,* 50 NY2d 211, 216) and a plaintiff in such an action is, accordingly, not entitled to predecision interest under CPLR 5001. Judgment modified, on the law, by reversing so much thereof as awarded claimant the sum of $16,092.80, and matter remitted to the Court of Claims for determination of damages and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.