■ JEAN GREENSPAN, Respondent, v ALFRED DOLDORF, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. — In a negligence action to recover damages for personal injuries, defendant Doldorf appeals from an order of the Supreme Court, Kings County (Jordan, J.), dated July 28, 1981, denying his motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion granted, and plaintiff's complaint against defendant Doldorf and the cross claim of defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) are dismissed. Plaintiff is collaterally estopped from relitigating defendant Doldorf's involvement in the accident. The record indicates that while the forum and the benefits sought are different, the issue in both the arbitration proceeding and the instant action is the same — i.e., whether Doldorf's vehicle was involved. The arbitrator's opinion that plaintiff failed in her proof is conclusive on the issue. (See, e.g., *Matter of Government Employees Ins. Co. v Kozlowski,* 62 AD2d·1056; *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502.) Although not a party to the arbitration proceeding, Doldorf may apply the arbitrator's decision in the instant action (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65), notwithstanding his failure to affirmatively plead collateral estoppel as an affirmative defense. (See, e.g., *Pantel v Becker,* 89 Misc 2d 239; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, C3212:11.) As for defendant MVAIC, it is not collaterally estopped by the arbitrator's adverse determination, it not having been a party to the arbitration. (See, e.g., *Kaufman v Towers Transp.,* 63 AD2d 669.) MVAIC's cross claim against Doldorf for indemnification is also dismissed.

(See CPLR 3212, subd [b].) Inasmuch as MVAIC's liability at bar is predicated on an inability to determine the identity of the driver who struck plaintiff (see Insurance Law, § 600 *et seq.*), MVAIC would be liable only if Doldorf were absolved. Thus, there is no basis for MVAIC's cross claim. Further, the fact that MVAIC was not named in Doldorf's motion papers does not bar relief in view of MVAIC's active participation in opposing the motion before Special Term and in opposing the appeal. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.