■ ELIA RODRIGUEZ, Individually and as Administratrix of the Estate of RENE RODRIGUEZ, Deceased, Respondent, v YOSI TRUCKING et al., Defendants; CONSOLIDATED RAIL CORP., Appellant-Respondent, and WOODWARD WAREHOUSE AND TRANSPORTATION CORP., Appellant and Third-Party Plaintiff-Appellant. TRANSAMERICA REALCO, INC., et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendant.—In an action to recover damages for wrongful death, the defendant Consolidated Rail Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County

(Lodato, J.), dated February 16, 1988, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,750,000, and the defendant and third-party plaintiff Woodward Warehouse and Transportation Corp. (1) appeals, as limited by its brief, from so much of an order of the same court, dated December 10, 1987, as denied its motion, *inter alia*, to hold the third-party defendants Transamerica Realco, Inc., Realco Services, Inc. and REA Leasing Corp. jointly and severally liable to it on the judgment, and (2) cross-appeals, as limited by its brief, from so much of the judgment as is in favor of the plaintiff and against it in the principal sum of $1,750,000, and the third-party defendants Transamerica Realco, Inc., Realco Services, Inc. and REA Leasing Corp. cross-appeal from so much of the judgment as is adverse to them.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal by the third-party defendants is dismissed, without costs or disbursements, because the third-party defendants are not aggrieved by it *(see,* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to her damages to the principal sum of $500,000 and to the entry of an amended judgment accordingly. In the event that she so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements. The findings of fact as to liability are affirmed.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The record supports the jury finding of the liability of Consolidated Rail Corp. under Vehicle and Traffic Law § 128. Moreover, the court's charge on this issue and the other theory of liability, viz., the failure of Consolidated Rail Corp. to inspect and maintain the trailer in question, was neither so

confusing nor erroneous that a new trial as to liability is warranted. Further, Consolidated Rail Corp. failed to object at any time to the submission of the jury sheet, and hence any complaints concerning it are unpreserved for our review.

The defendant Woodward Warehouse and Transportation Corp. is not entitled to contribution from the third-party defendants-respondents-appellants Transamerica Realco, Inc., Realco Services, Inc., and REA Leasing Corp. The intent of Vehicle and Traffic Law § 388 was to benefit injured parties by broadening the base of liability in order to provide a greater likelihood of recovery *(Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352). It was not intended to be used as Woodward Warehouse and Transportation Corp., which is not an injured party, seeks to use it here. Additionally, the jury found that the third-party defendants-respondents-appellants had not been negligent, depriving Woodward Warehouse and Transportation Corp. of that basis for contribution.

The verdict was excessive to the extent indicated.

We have considered the remaining contentions of the parties and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.