■ BRIAN ARMSTRONG, Respondent, v DOMINICK BUCCI et al., Respondents, and RINALDI CAR RENTAL et al., Appellants. (Action No. 1.) KAROL LEVETT, Respondent, v CHRISTINE BUCCI et al., Respondents, and JOHN DESIMONE, JR., et al., Appellants. (Action No. 2.)—In two negligence actions to recover damages for personal injuries, the defendants John DeSimone, Jr. and Rinaldi Car and Truck Rentals appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 14, 1987, which denied their motion for leave to amend their answers to assert the defenses of res judicata and/or collateral estoppel and for summary judgment dismissing the plaintiffs' complaints based upon those defenses.

Ordered that the order is affirmed, with costs to the plaintiff-respondent Levett.

The plaintiffs Armstrong and Levett commenced actions Nos. 1 and 2, respectively, against, *inter alia,* the defendants John DeSimone, Jr. and Rinaldi Car and Truck Rentals (sued in action No. 1 as Rinaldi Car Rental) seeking to recover damages for personal injuries sustained in an automobile collision. Armstrong and Levett were passengers in an automobile owned by Dominick Bucci and operated by Christine Bucci, which collided with another automobile owned by Rinaldi Car and Truck Rentals and operated by DeSimone. In the foregoing actions, the Buccis asserted certain cross claims against DeSimone and Rinaldi Car and Truck Rentals.

In 1984, DeSimone had commenced a suit against the Buccis in the Superior Court of New Jersey. Pursuant to the rules of the Superior Court of New Jersey, the Buccis and DeSimone engaged in mandatory arbitration, resulting in a determination that the Buccis were 100% at fault in the happening of the accident, while DeSimone was not at fault. Relying on that determination, DeSimone moved to dismiss the Buccis' cross claims in the instant actions, arguing that as between

him and the Buccis, the New Jersey arbitrator's apportionment of relative fault was binding. The Supreme Court agreed and dismissed the cross claims. Subsequently, the plaintiffs settled with the Buccis.

Thereafter, and again relying on the New Jersey arbitration determination, DeSimone and Rinaldi Car and Truck Rentals moved for leave to amend their answers so as to plead the defense of res judicata and/or collateral estoppel, and for summary judgment dismissing the complaints based upon those defenses. The Supreme Court denied the motion, reasoning that the determination of the New Jersey arbitrator could not be invoked against, or deemed to be binding upon, the plaintiffs, who were not parties to the arbitration proceeding. We agree.

Under settled principles of law regarding res judicata and collateral estoppel, the plaintiffs—who were not parties to the New Jersey action involving DeSimone and the Buccis—cannot be bound by the arbitrator's determination with respect to DeSimone's lack of culpability in causing the accident in question. Nor, by virtue of their nonparty status, were the plaintiffs afforded "a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71; *O'Connor v State of New York*, 70 NY2d 914, 916; see also, *Greenspan v Doldorf*, 87 AD2d 884; *Kaufman v Towers Transp.*, 63 AD2d 669). Accordingly, the Supreme Court properly declined to dismiss the complaints based upon the defense of res judicata and/or collateral estoppel.

Further, the plaintiffs' settlement with the Buccis cannot be construed as constituting a "waiver" of their right to further prosecute their lawsuits against the nonsettling defendants, DeSimone and Rinaldi Car and Truck Rentals. Rubin, J. P., Kooper, Sullivan and Balletta, JJ. concur.