■ RICHARD L. ODDO, Respondent, v AGFA-GEVAERT, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Luciano, J.) entered April 11, 1990, which denied its motion to dismiss the complaint on the grounds of res judicata and collateral estoppel.

Ordered that the order is affirmed, with costs.

The plaintiff Richard Oddo claimed to have been promised a so-called "Golden Handshake" termination package by the defendant AGFA-Gevaert (hereinafter AGFA), which was then in the process of relocating its offices from Suffolk County to New Jersey. The plaintiff, who was Human Resources Director for one of AGFA's subsidiaries, further alleged that at approximately the same time, AGFA had offered him a $10,000 relocation loan, which the plaintiff also claimed AGFA later agreed to forgive. Although the loan obligation was evidenced by a promissory note executed by the plaintiff, the alleged forgiveness of the loan was not memorialized in writing.

In July 1987 the plaintiff voluntarily left AGFA's employ. AGFA, however, not only declined to offer the plaintiff the "Golden Handshake" benefits which it had allegedly offered him; it further demanded repayment of the $10,000 relocation loan.

In July 1988 AGFA commenced an action in the Supreme Court, New York County, seeking summary judgment in lieu of complaint, for repayment of the $10,000 loan. In support of the motion, AGFA annexed the promissory note which the plaintiff had executed. The plaintiff opposed the motion, alleging that the obligation underlying the note had been orally discharged and by recounting the circumstances surrounding the "Golden Handshake" deal.

The court granted summary judgment to AGFA. Relying on UCC 3-605, the court ruled that "[e]ven if [Richard L. Oddo's] assertion that [AGFA] orally promised to discharge his debt is true, an oral statement cannot effectively cancel a promissory note." The court then commented that the plaintiff's allegation that he had also been promised a special termination package was also "unsubstantiated".

Thereafter, the plaintiff commenced the instant action in the Supreme Court, Suffolk County, seeking the recovery of the benefits which had allegedly been promised to him, as part of the "Golden Handshake" agreement. AGFA moved for summary judgment dismissing the complaint on the ground that the plaintiff was now collaterally estopped from seeking

recovery on the "Golden Handshake" agreement in light of the court's comment in the New York County action that the "Golden Handshake" deal was "unsubstantiated".

The Supreme Court, Suffolk County, denied the motion, finding that the issue before the court in New York County was whether AGFA was entitled to recoup the $10,000 relocation loan and that the terse statement to the effect that the existence of a special termination package was "unsubstantiated" should not give rise to collateral estoppel. We agree.

The doctrine of collateral estoppel, an equitable doctrine, "precludes a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he has had a fair opportunity to fully litigate the point' " *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455, quoting from *Gilberg v Barbieri,* 53 NY2d 285, 291; *see also, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Koch v Consolidated Edison Co.,* 62 NY2d 548, 554, n 2, *cert denied* 469 US 1210; *Ryan v New York Tel. Co.,* 62 NY2d 494). It has been held that "preclusive effect may be given to issues that were actually litigated, squarely addressed and specifically decided" *(Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825, 826; *see, Malloy v Trombley,* 50 NY2d 46, 50; *O'Connor v G & R Parking Co.,* 53 NY2d 278, 280; *Pace v Perk,* 81 AD2d 444, 460). Moreover, "[t]he issue must have been material and essential to the decision rendered therein" *(Wollman v Long Is. Jewish Med. Ctr.,* 170 AD2d 673, 675; *Seaman v Fichet-Bauche, Inc.,* 176 AD2d 793). The issues to be determined in the instant action were neither material in the New York County action nor essential to the court's disposition of that action.

A review of the plaintiff's complaint in the instant action reveals that the issue presented is whether the defendant AGFA promised the plaintiff a so-called "Golden Handshake" termination package. The sole issue before the court in the New York County action was whether AGFA was entitled to recover the proceeds of a $10,000 loan, as evidenced by the promissory note AGFA produced in support of its motion. The Supreme Court, New York County, found that the promissory note was dispositive, and that the plaintiff's oral representations that the loan had been forgiven—even if true—were insufficient to alter the written terms of the note. The Supreme Court, New York County, did not decide, and was not required to decide, whether the plaintiff was entitled to recover termination benefits under the alleged "Golden Handshake" agreement.

Although the Supreme Court, New York County, did tersely state that the existence of a special termination package was "unsubstantiated", the record does not support the assertion that the court also intended to rule upon the plaintiff's present assertion of entitlement to termination benefits. Rather, its comment is logically construed, within the context of the narrow issue before it, as a finding that any oral representations concerning the discharge of the loan obligation were unavailing. Accordingly, it does not follow that the entire "Golden Handshake" agreement must fall merely because the alleged oral forgiveness of the $10,000 loan was not proven. Further, the nature of the accelerated procedural vehicle chosen by AGFA—summary judgment in lieu of complaint— further supports the conclusion that the focus of the New York County lawsuit was limited to only those issues directly relevant to the enforceability of the promissory note and AGFA's ultimate recovery of the loan proceeds.

Accordingly, the defendant's motion to dismiss the instant action was properly denied. Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.