■ RICHARD GOLLEL et al., Respondents-Appellants, v ALVIN J. NASSAR, SR., et al., Appellants-Respondents. [615 NYS2d 199] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action was commenced by plaintiffs to recover compensatory and punitive damages arising out of the alleged fraud and misrepresentation of defendants that induced plaintiff Richard Gollel to purchase the stock of plaintiff Canandaigua Development Corporation. After commencement of this

action, defendants commenced a separate action to foreclose on a mortgage given by plaintiffs in connection with the purchase. In that action, plaintiffs alleged as defenses the causes of action asserted by them in this action. On defendants' motion for summary judgment in the foreclosure action, Supreme Court concluded that the stock purchase agreement prohibited reliance on any oral representations not specifically incorporated in that agreement and that plaintiffs' bare allegations of fraud were insufficient. The court granted defendants' motion for summary judgment in the foreclosure action.

On appeal to this Court, we held that plaintiffs failed to come forward with evidence sufficient to create a question of fact whether defendants fraudulently induced them to enter into the agreement. We affirmed, therefore, the grant of summary judgment *(Nassar v Canandaigua Dev. Corp.,* 193 AD2d 1130).

Subsequently, defendants moved for summary judgment in this action on the ground that the issue of fraudulent misrepresentation had been decided in the foreclosure action, and that plaintiffs are collaterally estopped from relitigating it. We agree. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has previously been decided against him in an action in which he had a fair opportunity to litigate the point fully *(Oddo v AGFA-Gevaert, Inc.,* 185 AD2d 921, 922). On the motion for summary judgment in the foreclosure action, plaintiffs had that opportunity. We conclude, therefore, that the court erred in denying defendants' motion for summary judgment in this action. (Appeals from Order of Supreme Court, Monroe County, Curran, J.— Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.