[636 NYS2d 521]

John F. Murray et al., Respondents, v Ralph A. Sterner et al., Appellants. (Appeal No. 1.)

Fourth Department, December 22, 1995

APPEARANCES OF COUNSEL

*Damon & Morey, L. L. P.,* Buffalo, for appellants.
*Dixon, DeMarie & Schoenborn, P. C.,* Buffalo, for respondents.

## OPINION OF THE COURT

LAWTON, J.

This is an action for contribution brought by parties who were defendants in earlier actions by a driver and his passenger. In the driver's action liability was apportioned 60% to the driver and 40% to defendants. Those defendants brought the instant action for contribution to the damages recovered by the passenger against the driver and the vehicle owner. The issue to be decided on appeal is whether any of the parties to this action is collaterally estopped by earlier determinations in either of the original actions. We hold that the plaintiffs in this action are estopped but that defendants in this action are not.

The facts are not in dispute. On June 29, 1990, Ralph Sterner was driving a car owned by his employer, Preston Trucking Company (Preston Trucking), in the course of his employment. Coemployee William Enders was a passenger in the car. The Sterner car was struck in the rear by a car driven by John F. Murray and owned by Murray's employer, Enos & Sanderson Company, Inc. (Enos & Sanderson). Both Sterner and Enders were injured in the collision.

After the accident Sterner and Enders retained an attorney to commence personal injury actions. By summons and complaint dated January 17, 1991, Sterner and his wife commenced an action against Murray and Enos & Sanderson, and, at or about the same time, Enders and his wife commenced a separate action against Murray and Enos & Sanderson. Preston Trucking was not a party to either lawsuit. No third-party action *(see,* CPLR 1007) was commenced in the Enders lawsuit against Preston Trucking or Sterner. The Sterner and Enders actions were joined for trial, but were not consolidated. The

jury returned a verdict of $1,653,800 in favor of Enders and his wife, and a verdict of $867,700 in favor of Sterner and his wife. The jury's verdict in favor of the Sterners was reduced based on the jury's finding that Sterner was 60% responsible for causing the accident.

By summons and complaint dated April 14, 1994, Murray and Enos & Sanderson (plaintiffs) commenced the present action against Sterner and Preston Trucking (defendants). In their complaint, plaintiffs sought contribution from defendants, pursuant to CPLR 1401, in the amount of 60% of the damages awarded and paid to the Enders. Issue was joined on or about July 11, 1994. At the time defendants served their answer, they also served a demand for a verified bill of particulars, a notice of examination before trial, and a demand for statements.

By notice of motion dated July 21, 1994, plaintiffs moved to strike the demand for a bill of particulars, notice of deposition and demand for statements. Plaintiffs also moved for summary judgment. In their motion for summary judgment, plaintiffs successfully argued that the 60% finding of culpable conduct against Sterner in his own action against Murray and Enos & Sanderson collaterally estopped Sterner and Preston Trucking from contesting liability and damages in the instant action for contribution to damages awarded to the Enders. Plaintiffs also argued that Preston Trucking was liable for 60% of the verdict in the Enders action based on Vehicle and Traffic Law § 388. By order entered October 31, 1994, Supreme Court granted plaintiffs summary judgment against defendants for a sum equal to 60% of all monies that plaintiffs paid the Enders in their lawsuit. An amended judgment reflecting the court's decision was entered and defendants' subsequent motion for reargument and renewal was denied. These appeals followed.

The appeal from the order insofar as it denied reargument *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) should be dismissed; the order insofar as it denied renewal should be affirmed.

The court erred, however, in its application of the doctrine of collateral estoppel. That doctrine is applicable when (1) the identical issue was necessarily decided in a prior action and that issue is decisive in the present action and (2) the party to be precluded from litigating that issue had a full and fair opportunity to contest the prior determination *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65; *Gollel v Nassar,*

206 AD2d 835, *lv denied* 85 NY2d 802; *La Buda v State of New York,* 86 AD2d 692; *Hines v City of Buffalo,* 79 AD2d 218).

While it could be argued that the first of those two requirements has been met in the present case (i.e., the issue of the percentage of negligence of Sterner), clearly the second requirement has not been met. Defendant Preston Trucking was not a party to the prior litigation. Likewise, while defendant Sterner was a plaintiff in one earlier case, he was not a party to the lawsuit commenced by the Enders against Murray and Enos & Sanderson. Moreover, Preston Trucking was not in privity with any party in either of the prior actions because no party can be said to have represented the interests of Preston Trucking in either prior action *(see, Green v Santa Fe Indus.,* 70 NY2d 244; *Baldwin v Brooks,* 83 AD2d 85).

The prior determinations concerning the share of liability and damages arise from two separate personal injury actions against defendants other than those whom plaintiffs now seek to bind by those determinations. Defendant Preston Trucking never had an opportunity to prove the degree of liability of Murray and Enos & Sanderson and neither defendant had an opportunity to contest the extent of the damages in the Enders action. Defendant Sterner's counsel in the earlier trial had no reason to contest the amount of damages to be awarded to the Enders for which plaintiffs now seek to hold defendants herein responsible. To the contrary, because Sterner's counsel was also counsel for the Enders, he was duty-bound to obtain the highest possible award for the Enders and he obviously could not represent the interests of Sterner as a defendant or Preston Trucking in limiting the award.

Plaintiffs' reliance upon Vehicle and Traffic Law § 388 is misplaced because that section applies only to actions brought by injured parties against vehicle owners *(see, Plath v Justus,* 28 NY2d 16; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350). That section has no application in actions brought by vehicle owners against third parties *(see, Continental Auto Lease Corp. v Campbell, supra),* or in actions against drivers for indemnification *(see, Naso v Lafata,* 4 NY2d 585, 590-591, *rearg denied* 5 NY2d 861), nor does it apply where, as here, a joint tortfeasor sues for contribution *(see, Rodriguez v Yosi Trucking,* 151 AD2d 556). Defendants should not now be bound by the results of an action wherein they not only had no opportunity to defend but also wherein their interests were represented by an attorney whose duty was in direct conflict with their best interests. This Court is not unmindful of the

policy reasons that normally preclude multiple trials on the issues of liability and damages. That policy passes constitutional muster only if the first trial was between parties whose interests were fairly represented. There is no policy reason to support the result that occurred in the present situation. Because the problems herein resulted through no fault of defendants, a trial must be held on both liability and damages *(see, O'Connor v State of New York,* 126 AD2d 120, *affd* 70 NY2d 914).

Defendants' request for an order dismissing plaintiffs' complaint is misplaced. While we hold that the previous jury award is not binding upon defendants, plaintiffs nevertheless are entitled to litigate their contribution claims de novo *(see,* CPLR 1403; *Leone v City of Utica,* 66 AD2d 463, *affd* 49 NY2d 811). Because plaintiffs had a full opportunity to contest both liability and damages in the prior actions, however, they are limited in this action for contribution by the jury's findings in the prior actions *(see, O'Connor v State of New York, supra,* at 125).

Accordingly, the amended judgment should be reversed and the motion denied.

PINE, J. P., WESLEY, CALLAHAN and DAVIS, JJ., concur.

Amended judgment unanimously reversed, on the law, with costs, and motion denied.

JOHN F. MURRAY et al., Respondents, v RALPH A. STERNER et al., Appellants. (Appeal No. 2.)—Appeal from order insofar as it denied reargument unanimously dismissed and order affirmed, without costs. Same opinion by LAWTON, J., as in *Murray v Sterner* (218 AD2d 334 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—reargument and renewal.) Present—PINE, J. P., LAWTON, WESLEY, CALLAHAN and DAVIS, JJ.