OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously reversed *380 without costs and complaint reinstated.
On June 6, 1995, plaintiff, while a pedestrian, was allegedly injured by a motor vehicle bearing license plate number G506JC. A subsequent records search of the Department of Motor Vehicles revealed that the owner of the subject vehicle was one Horace A. Gayle, and that the vehicle was insured by Lumberman’s Mutual. The carrier denied coverage based upon their assertion that Mr. Gayle was not involved in the accident. In view of the denial of coverage plaintiff sought leave in the Supreme Court, Queens County, to sue the Motor Vehicle Accident Indemnification Corporation (MVAIC). The Supreme Court granted the petition without opposition, and an action was commenced against MVAIC in the Civil Court, Queens County. A separate action was also commenced in the Civil Court against Horace A. Gayle for the same incident.
In a motion dated November 12, 1997, MVAIC sought to dismiss the action against it, arguing that such action cannot be maintained since the identity of the owner of the offending automobile was known and a separate action had been commenced against the owner. The court granted the motion on default, and on consent, the plaintiff’s subsequent motion to vacate the default was granted. The court ultimately granted MVAIC’s motion and dismissed the complaint.
On appeal, plaintiff argues that the Civil Court did not have jurisdiction to decide the motion because the application to sue MVAIC was made in the Supreme Court, and that Supreme Court’s finding is not subject to review in the Civil Court. Moreover, it is argued that the owner of the offending automobile had not been identified, and thus it was error to grant MVAIC’s motion.
Because the initial determination that MVAIC could be sued was made in the Supreme Court, there is authority to indicate that MVAIC is collaterally estopped from relitigating the issue in the Civil Court. In Greenspan v Doldorf (87 AD2d 884), the Appellate Division, Second Department, indicated that MVAIC would be estopped from relitigating an adverse determination if it was a party to an arbitration by stating that “[a]s for defendant MVAIC, it is not collaterally estopped by the arbitrator’s adverse determination, it not having been a party to the arbitration.” Because MVAIC was a party to the petition in the Supreme Court, the corporation is collaterally estopped from relitigating the issue of its involvement in this action. MVAIC could have sought to vacate the Supreme Court’s order entered *381 without opposition, and adduced proof that the identity of the “unknown” driver was established. If that failed, MVAIC could have appealed Supreme Court’s order to the Appellate Division. MVAIC cannot, however, relitigate the issue in the Civil Court at this time.
In view of the foregoing, it is not necessary to entertain the issue as to whether the identity of the tortfeasor was established.
Kassoff, P. J., Aronin and Scholnick, JJ., concur.