■ SPRING SHEET METAL & ROOFING CO., INC., Appellant, v KOPPERS INDUSTRIES, INC., et al., Respondents. [710 NYS2d 743] —Order unanimously reversed on the law without costs, motions denied and complaint reinstated. Memorandum: In 1990 the owners and operators of the Techniplex Mall commenced an action seeking damages from plaintiff, a roofing subcontractor, for installing an allegedly defective roof (the *Techniplex* action). Plaintiff commenced a third-party action against the manufacturers of the roofing materials (defendants herein), seeking common-law indemnification. Plaintiff later amended the third-party complaint, withdrawing the claim for common-law indemnification and replacing it with a claim for contribution. Defendants moved to dismiss the third-party complaint on the ground that their alleged liability to plaintiff was based upon breach of contract and contribution was not available. Plaintiff cross-moved for leave to amend the third-party complaint to allege a cause of action for common-law indemnification. Supreme Court (Siragusa, J.) granted defendants' motions and denied plaintiff's cross motion. In its decision, the court expressed its intention not to deny plaintiff the right to seek indemnification in the future and stated that plaintiff "can choose to commence whatever action it deems appropriate if a recovery is had by Techniplex." The *Techniplex* action was settled in 1995. Plaintiff thereafter commenced the instant action seeking common-law indemnification for the amount it paid in the settlement.

Supreme Court erred in granting defendants' motions to dismiss the complaint on the ground of res judicata. "It is, of course, axiomatic that a party seeking to assert *res judicata* or claim preclusion must show the existence of a prior judgment on the merits" (*Miller Mfg. Co. v Zeiler,* 45 NY2d 956, 958). Defendants failed to meet that burden. In dismissing the third-party complaint for indemnification and denying leave to amend the third-party complaint in the *Techniplex* action, the court did not rule on the merits of plaintiff's proposed cause of action for common-law indemnification. Plaintiff's right to that relief has never been litigated, and the doctrine of res judicata "must not be allowed to operate to deprive a party of an actual opportunity to be heard" (*Commissioners of State Ins. Fund v Low,* 3 NY2d 590, 595). Further, in its decision in the *Techniplex* action, the court expressly stated that plaintiff was not foreclosed from commencing a separate action for common-law indemnification. "Under these circumstances, it would be improper and unjust to prevent plaintiff from litigating" this action (*Miller Mfg. Co. v Zeiler, supra,* at 958; *see, City of New York v Caristo Constr. Corp.,* 62 NY2d 819, 820-821; *Buchholz-Hill Transp. Co. v Baxter,* 206 NY 173, 176-177).

We reject the alternative grounds for affirmance raised by defendant Owens-Corning (*see, Matter of American Dental Coop. v Attorney-General of State of N. Y.*, 127 AD2d 274, 279, n 3). Accepting the facts alleged in the complaint as true and according plaintiff the benefit of every favorable inference, we conclude that the complaint states a cause of action for common-law indemnification (*see, Leon v Martinez*, 84 NY2d 83, 87-88). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Green, Wisner and Scudder, JJ.