▮ NIAGARA COUNTY, on Behalf of NIAGARA COUNTY WATER DISTRICT, Appellant, v R&D ENGINEERING, P.C., et al., Respondents. [747 NYS2d 879] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered December 7, 2001, which denied plaintiff's motion seeking partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant R&D Engineering, P.C. (R&D) entered into a contract with the Niagara County Water District (Water District) pursuant to which R&D was to provide

engineering services in connection with the expansion of one of the Water District's facilities. Pursuant to that contract, R&D prepared a set of purchase specifications for three new vertical turbine pumps (pumps) that would be installed during the expansion work. The Water District solicited bids for the pumps and subsequently accepted the bid of defendant Goulds Pumps, Inc. (Goulds) to supply the pumps pursuant to the specifications. The Water District and Goulds signed a contract approximately one month later, incorporating the bid and appended documents submitted by Goulds into that contract. Goulds also provided the Water District with a performance bond in the amount of $363,897 issued by defendant Vigilant Insurance Company (Vigilant), which guaranteed the performance of Goulds under the terms of its contract with the Water District. Goulds subsequently delivered the pumps to the Water District and a contractor installed them. Plaintiff thereafter commenced this action on behalf of the District, alleging in the complaint that "there was excess vibration in the Pumps, that the Pumps were defective and that the Pumps were otherwise unsuitable for their intended purpose" and asserting causes of action for breach of express and implied warranties, negligence, breach of contract, and professional malpractice.

Supreme Court properly denied plaintiff's motion seeking partial summary judgment on liability against Goulds on the third cause of action, for breach of express warranties, and against Vigilant on the fifth cause of action, for breach of the terms of the performance bond, and seeking summary judgment dismissing Goulds' counterclaims. Many of the documents submitted by plaintiff in support of the motion were not in admissible form (see Villager Constr. v Kozel & Son, 222 AD2d 1018, 1018-1019; Prestige Fabrics v Novik & Co., 60 AD2d 517, 518; see also CPLR 4518 [a]), and the documents that were in admissible form were insufficient to establish plaintiff's entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562).

Although we do not address the merits of plaintiff's motion, we nevertheless address an issue raised in the context of plaintiff's motion, in the interest of judicial economy. In support of the motion, plaintiff argued that the terms set forth in the Water District's solicitation of bids were controlling, while Goulds argued in opposition that the terms set forth in its submitted bid and appended documents, one of which was entitled "standard terms and conditions," were controlling. We agree with Goulds. The Water District's solicitation of bids was not an offer that Goulds was to accept or reject; rather, it was

an invitation to prospective bidders to submit bids, which the Water District would then accept or reject (*see S.S.I. Invs. v Korea Tungsten Min. Co.*, 80 AD2d 155, 158, *affd* 55 NY2d 934; *see also Matter of G.L.G. Mini-Stor. v County of Nassau*, 251 AD2d 329, 330). Goulds' submitted bid and the documents appended thereto contained numerous comments and clarifications that the Water District accepted when it signed the contract. Moreover, the Water District expressly agreed in the contract that Goulds' submitted bid and appended documents would take precedence to the extent that any terms set forth therein contradicted the terms set forth in the Water District's solicitation of bids. Thus, for example, the warranty of Goulds set forth in its document entitled "standard terms and conditions," which included a warranty only against defective material or workmanship, took precedence over the warranty set forth in the Water District's solicitation of bids, and Goulds was under "[n]o obligations other than those" set forth in its "standard terms and conditions."

Plaintiff argues that the vibration specification set forth in the contract was a performance specification that nonetheless imposes the risk of nonperformance on Goulds, apart from the terms of Goulds' warranty. We disagree. Although there is a detailed vibration specification in the contract as well as reference to "performance requirements," "the language of the contract as a whole" establishes that it is a design specification (*Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 230). Indeed, included in the contract were at least seven pages of the "details of construction" for the pumps and their motors. Thus, the vibration specification was not a performance specification, inasmuch as it cannot be said that Goulds was "free to choose the materials, methods and design necessary to meet the objective or standard of performance" (*id.* at 229). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.