■ PATRICIA SCHILLING, as Executrix of DONALD W. SCHILLING, Deceased, Appellant, v JOHN A. MALARK et al., Defendants, and ACCADIA ENTERPRISES, INC., Respondent. [754 NYS2d 924] —Appeal from that part of an order of Supreme Court, Erie County (Rath, Jr., J.), entered March 5, 2002, that granted the motion of defendant Accadia Enterprises, Inc. seeking summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint and cross claims against defendant Accadia Enterprises, Inc. are reinstated.

Memorandum: Supreme Court erred in granting the motion of Accadia Enterprises, Inc. (defendant) seeking summary judgment dismissing the complaint and cross claims against it. Plaintiff's decedent was walking along Transit Road within a construction zone on a State of New York highway project in the Town of Lancaster when he was struck and killed by a vehicle driven by defendant John A. Malark. Plaintiff alleges, inter alia, that defendant failed to establish a proper construction zone and to provide the requisite flag persons. Contrary to

the court's determination, defendant failed to meet its initial burden of establishing, inter alia, that it "performed the contract according to [the State's] specifications" (*Loconti v Creede*, 169 AD2d 900, 902; *cf. Dear v Falk* [appeal No. 2], 252 AD2d 961, 962) and thus failed to establish its entitlement to judgment as a matter of law. Pursuant to the contract specifications submitted by defendant on its motion, defendant is required to "provide flag persons * * * unless otherwise noted in the contract documents," and none of the contract documents in the record obviates the need for flag persons here. Although the State's engineer-in-charge testified at her deposition that the initial shutdown of traffic lanes on the date of the accident was "done in conformance with the project plan," she did not address the need for flag persons or the fact that they were not present at the time of the accident (*see Hunter v Perez Interboro Asphalt Co.*, 237 AD2d 214, 215-216). The unsworn project diaries and other reports submitted by defendant in support of its motion do not constitute evidentiary proof in admissible form (*see Niagara County v R & D Eng'g*, 298 AD2d 971; *Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018-1019). The failure of defendant to establish its entitlement to judgment as a matter of law requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Present—Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.