■ Patricia Schilling, as Executrix of Donald W. Schilling, Deceased, Respondent, v John A. Malark, Appellant, and Accadia Enterprises, Inc., Respondent-Appellant, et al., Defendants. [787 NYS2d 533]—

Appeals from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered November 10, 2003. The order, among other things, denied the motion of defendant John A. Malark for summary judgment dismissing the cross claims of defendant Accadia Enterprises, Inc. against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for the conscious pain and suffering and wrongful death of decedent, who was struck and killed by a vehicle operated by defendant John A. Malark at the site of a highway reconstruction project on which defendant Accadia Enterprises, Inc. (Accadia) was the general contractor. Supreme Court (Rath, Jr., J.) granted the motion of Accadia for summary judgment dismissing the complaint and cross claims against it, and plaintiff appealed that order. While that appeal was pending, a trial of plaintiff's causes of action against Malark concluded with a jury verdict finding that Malark was not negligent. The order granting the motion of Accadia was thereafter reversed and the complaint and cross claims were reinstated against it (*Schilling v Malark*, 302 AD2d 909 [2003]), and Supreme Court (Michalek, J.) converted Accadia's cross claims for contribution and indemnification against Malark into a third-party action.

The court properly denied the motion of Malark seeking summary judgment dismissing Accadia's claims against him based on the doctrines of res judicata and collateral estoppel. At the time of the jury verdict in Malark's favor, Accadia was not a party or in privity with a party, nor did Accadia have a "full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]; *see Murray v Sterner*, 218 AD2d 334, 336-337 [1995], *lv dismissed* 87 NY2d 1055 [1996]; *Armstrong v Bucci*,

153 AD2d 652, 653 [1989]; *Ray v Kramer*, 109 AD2d 1087 [1985]). Further, Accadia is entitled to litigate its claims against Malark despite the fact that plaintiff has no direct right to recover from him (*see Raquet v Braun*, 90 NY2d 177, 182 [1997]; *Spring Sheet Metal & Roofing Co. v Koppers Indus.*, 273 AD2d 789 [2000]).

The court also properly denied the renewed motion of Accadia seeking summary judgment dismissing the complaint against it. The facts submitted by Accadia were available at the time of the prior motion and Accadia failed to provide a reasonable justification for failing to present those facts at that time (*see* CPLR 2221 [e] [3]; *Linden v Moskowitz*, 294 AD2d 114, 116 [2002], *lv denied* 99 NY2d 505 [2003]). Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.