Keating, J.
Continental Anto Lease Corporation is engaged in the auto rental business. It sued Ralph B. Shepard for damage to its automobile as the result of an accident. Shepard died after the action was commenced and his administratrix, Doris B. Campbell, was substituted as defendant.
Continental leased the automobile to one Kamman for a four-day period for a fixed sum plus a charge for mileage. During the rental period, Kamman was involved in an accident with an automobile driven by Shepard. Upon the trial, the jury found both drivers negligent, but returned a verdict for Continental, as directed by the trial court. Judgment was entered accordingly, and affirmed, on appeal, by the Appellate Division, Fourth Department.
The question presented is whether the negligence of Kamman, the operator of Continental’s automobile, is imputable to Continental so that it is barred by contributory negligence from recovery against Shepard.
At the outset, it should be noted that there is a distinction between imputed negligence and imputed contributory negligence. The effect of imputed negligence is to widen liability; the effect of imputed contributory negligence, to narrow it. Section 388 of the Vehicle and Traffic Law imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his permission for the purpose of imposing on the owner liability to an injured third party. This enactment expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant. The owner of the automobile is the obvious candidate, for he can most easily carry insurance to cover the risk.
This policy—broadened liability for the protection of the injured plaintiff — gives no support to the doctrine of imputed contributory negligence which narrows the liability of a negligent defendant to a plaintiff innocent of actual negligence. Mills v. Gabriel. (284 N. Y. 755) is the leading case refusing to impute contributory negligence to an absentee owner. In that case an action was brought to recover damages for injury to plaintiff’s automobile sustained in a collision between such automobile, driven with her permission but in her absence, and an automobile owned and driven by defendant. It was conceded that both operators were negligent, and that the operator of *353 plaintiff’s automobile was using it for his own private purpose and not for the benefit or on the business of the plaintiff. On those facts, we held that former section 59 of the Vehicle and Traffic Law* was no bar to plaintiff’s common-law right of recovery.
In contrast, in Gochee v. Wagner (257 N. Y. 344) we held, on a different fact pattern, that the owner of the vehicle was barred by imputed contributory negligence. There, the accident occurred while the car was driven by plaintiff’s wife, with his permission, while plaintiff was sitting in the rear seat. His wife was found negligent in her operation of plaintiff’s car. Wé held for defendant, reasoning that: “ When the respondent entered the car, he regained dominion over it * * * It was respondent’s car, he was present and had the legal right to control its operation, and the negligent conduct of the driver was imputable to him. The mere fact that he chose to sit on the rear seat and refrained from directing its operation did not change his rights or limit his liability” (p. 348).
Gochee v. Wagner (supra) makes it clear that the touchstone of imputed contributory negligence is the existence of a rela- - tionship between the owner of the vehicle and the operator such that the operator of the vehicle is subject to the owner’s control. Such control need not be actually exercised—it can be inferred, as in Gochee, when the owner is physically present in the car. Likewise, the requisite degree of control might be found in the master-servant or principal-agent relationship when the physical operation of the vehicle is for the benefit of the owner.
Defendant urges that Continental should be barred from recovery because it was benefiting financially under the terms of the lease for each mile that the car was driven, and that this “ benefit ” distinguishes the present case from the gratuitous bailment involved in Mills v. Gabriel (supra). The mere fact that the bailment was commercial rather than gratuitous is not sufficient ground for denying to a plaintiff, guilty of no actual negligence, the right to recover his damages from a negligent defendant. If a car owner’s relationship to the driver of his car is such that a degree of physical control over the driver can reasonably be deemed to exist, under Gochee v. Wagner *354 (supra) the negligence of the driver can he imputed to the owner to bar the owner’s recovery against a negligent third party. But Continental had no interest in where or when the vehicle was driven and no relationship to Kamman consistent with the inference that it had the right to control in any manner Kamman’s conduct as a driver. Accordingly, Kamman’s negligence should not be imputed to Continental to bar its recovery in this action.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Breitel concur.
Order affirmed.

The statute has since been renumbered and is now section 388 of the Vehicle and Traffic Law.