MARTHA S. KLEINMAN, Plaintiff, and LOIS RANZ, Respondent, v. BARBARA FRANK et al., Appellants, et al., Defendant.

Second Department, April 20, 1970.

*Goldman & Goldman* (*Ralph A. Cascella* of counsel), for appellants.

*Hollander & Asarch* (*Benjamin Asarch* of counsel), for respondent.

MARTUSCELLO, J. The issue raised by this appeal is whether the doctrine of *Gochee* v. *Wagner* (257 N. Y. 344), namely, that the negligence of the driver of a motor vehicle will be imputed to an owner present in the vehicle, bars this action by a sub-lessee-passenger of an automobile against the driver, the owner and the lessor.

On August 26, 1966, the respondent, Ranz, subleased an automobile from the appellant Manhattan Beach Auto Rental, Inc., which had leased the vehicle from the owner, the appellant Chasey Auto Rental, Inc. On August 28, 1966, while the appellant Frank was driving the automobile with the permission of the respondent, who was seated in the front right seat, the car was involved in a collision with another vehicle.

The respondent sued all three appellants and the other driver, charging the appellants with negligence in the operation and control of the Frank-driven vehicle. The appellants moved for summary judgment dismissing the respondent's complaint, on the ground that the respondent was barred from recovering against them because if the driver-appellant was negligent her negligence would be imputed to the respondent (sublessee) in her action against the driver, the lessor and the owner.

The Special Term denied the motion in all respects. It noted that the rule that the negligence of the driver will be imputed to the owner present in the car does not apply to an action by the owner (sublessee here) against the driver.

Clearly, the learned Justice at Special Term was correct in so holding (*Webb* v. *Elmira Water, Light & R. R. Co.*, 144 Misc. 506). Accordingly, the Special Term properly denied the motion with respect to the appellant-driver Frank.

However, it is also clear that the driver's negligence is imputed to an owner present in the car in an action against third parties (*Gochee* v. *Wagner*, 257 N. Y. 344, *supra*). The rationale for this rule is that the owner present in the car has the legal right to control its operation and the mere fact that he allows another to drive does not change his rights or limit his liability (*Gochee* v. *Wagner, supra*, p. 348).

With these two rules in mind, the decisive issue in this case is whether the lessor and the owner of the car are to be treated

as third parties. If they are to be so treated, the respondent may not prevail against them, since the negligence of the driver would be imputed to her in a suit against third parties.

The recent case of *Ullery* v. *National Car Rental System* (28 A D 2d 1111, revd. 23 N Y 2d 677) appears to be decisive on the issue of whether the appellants Manhattan Beach and Chasey are to be treated as third parties in the respondent's suit against them. There, as appears from the memorandum decision of the Appellate Division, First Department, the plaintiff leased a truck from the defendant National Car Rental. He was injured when he was a passenger in the truck and it was in an accident. He sued National for the injuries he sustained and National moved for summary judgment. The Special Term denied the motion and on appeal the Appellate Division reversed and granted the motion. The Appellate Division held that the plaintiff did not have a cause of action against National because the negligence of the driver would be imputed to him, since he (the plaintiff lessee) was a passenger at the time of the accident and had the legal right to control the truck's operation. The decision was based on *Gochee* v. *Wagner* (257 N. Y. 344, *supra*).

The Court of Appeals reversed and denied National's motion. The State Reporter's syllabus (23 N Y 2d 677) indicates that the complaint alleged that the truck had been rented jointly to the plaintiff and the driver, William Cameron; that National's employee had agreed to rent to the plaintiff only on condition that Cameron would drive, since the plaintiff's license was valid only in New Jersey; and that Cameron was in complete charge of the truck, with National's specific permission to drive.

On these allegations the Court of Appeals held that a triable issue was presented as to whether, in renting the truck to the plaintiff, National had imposed as a condition a requirement that it be operated by Cameron, adding that if this condition were actually imposed the plaintiff did not have complete legal control of the vehicle so as to bring the case within the doctrine of *Gochee* v. *Wagner* (*supra*). However, the Court of Appeals in no way cast doubt on the holding of the Appellate Division that the negligence of one driving with the permission of the sole and unconditional lessee would be imputed to the lessee in an action by the lessee against the lessor.

In the case at bar no question is raised as to the claim that the respondent was the sole and unconditional sublessee and thus in complete control.

I am of the opinion that the law is clear that the appellants Manhattan Beach and Chasey are to be treated as third parties in the respondent's action against them. Accordingly, under the doctrine of *Gochee* v. *Wagner* (*supra*), the driver-appellant's negligence is imputed to the respondent sublessee in her action against the appellants Manhattan Beach and Chasey.

The order of Special Term should be modified, on the law, by limiting its decretal provision, which denied the motion, to defendant Frank and by adding a provision that the motion is granted insofar as made by defendants Chasey and Manhattan Beach and that the respondent's action against the latter two defendants is severed from the other causes in the action. As so modified, the order should be affirmed, without costs.

HOPKINS, J. (dissenting). I dissent and vote to affirm. The Special Term has ruled, and the majority here has agreed with the ruling, that the negligence of the operator of the motor vehicle leased to the respondent is not imputable to the latter so as to disable him from obtaining damages for personal injuries from the operator, even though the respondent was a passenger in the vehicle at the time the operator drove negligently. That ruling is consistent with the precedents permitting an owner-occupant of a motor vehicle to recover from the operator for personal injuries suffered by the latter's negligence (*Lamoureaux* v. *Crowe*, 6 A D 2d 930; *Webb* v. *Elmira Water, Light & R. R. Co.*, 144 Misc. 506).

Since the operator is insured under the owner's policy (Vehicle and Traffic Law, § 345), and under the statute all vehicles must be insured (Vehicle and Traffic Law, §§ 310, 312), it follows necessarily from the result of the precedents that the owner will secure payment of his recovery from the insurer which covered his motor vehicle. I find nothing abhorrent in this consequence, for it comes as a concomitant to the policy of the State that all persons injured through the negligent operation of motor vehicles should be compensated through the proceeds of insurance (Vehicle and Traffic Law, § 310). The policy of the State makes no exception of owners injured through the negligent operation of their automobiles by persons driving with permission.

Yet, here, simply because the respondent is not an owner but a sublessee of the automobile, she is denied the right of recovery against the appellants which are the owner and the sublessor of the automobile. I am unable to satisfy myself that a difference in status between an owner and a lessee should create a difference in result. In both the case considered under the rule and the present case, the negligent operator is driving

by permission; in both, the owner or lessee is riding as a passenger; and, in both, the owner or lessee is injured through the operator's negligence. Factually, then, the cases are similar.

The difference in result is premised on an extension of the rule in *Gochee* v. *Wagner* (257 N. Y. 344) that the owner of an automobile may not recover from the owner and operator of a second automobile for damages due to personal injuries in the event the operator of the first automobile was contributorily negligent. For several reasons the extension cannot be justified.

First, the respondent is not the owner of the automobile in which she was riding, and therefore she is not derivatively liable by statute for the negligence of the operator (Vehicle and Traffic Law, § 388). *Gochee* v. *Wagner* (*supra*), which changed the common-law rule that a bailor was not charged with the contributory negligence of his bailee (2 Harper and James, The Law of Torts, §§ 23.5–23.6; cf. *Nash* v. *Lang,* 268 Mass. 407), interpreted the statute to reach this conclusion on the theory that one liable to third parties for the negligence in the driving of his car under an exercise of public policy to protect injured third parties (cf. *Plaumbo* v. *Ryan,* 213 App. Div. 517) should not be able to recover for his own injuries from third parties concurrently negligent with the driver. But, as the respondent is not liable under the statute, the reason for the rule in *Gochee* v. *Wagner* (*supra*) fails.

Second, the rule in *Gochee* v. *Wagner* should not be pressed beyond its facts. The rule rests on an assumed continuum that in today's milieu has a questionable reality. The state of facts assumed by the court nearly 40 years ago was that the owner present in the automobile could control the operation of the automobile by the driver (*Gochee* v. *Wagner, supra,* p. 348). However sound such an assumption was in 1931, surely the high speed highways and the power laden automobiles of today are conditions which render the exercise of control by one not driving extremely hazardous and virtually impossible (cf. *Parker* v. *McCartney,* 216 Ore. 283; *Sherman* v. *Korff,* 353 Mich. 387). In short, the right of control of the owner-occupant over the driver is merely a fiction which ought not be multiplied where it has no useful social purpose.

Third, our courts have not in fact extended the rule. In *Jenks* v. *Veeder Contr. Co.* (177 Misc. 240, order revd. and judgment mod. on other grounds 264 App. Div. 979, judgment affd. 290 N. Y. 810) the rule was not applied against a co-owner riding as a passenger when the automobile was driven by the other co-owner. In *Faust* v. *Central Greyhound Lines* (298 N. Y. 721) it was held to be a question of fact whether the

negligence of a husband driving a motor vehicle owned by his wife killed as a result of a collision with the defendant's bus would be imputed to her so as to defeat a recovery by her estate.

Indeed, the trend of later cases in other States is inclined toward treating the negligence of the driver not as a question of law barring an action against negligent third parties but as a question of fact for the jury (see, e.g., *Johnson* v. *Los Angeles-Seattle Motor Express*, 222 Ore. 377 [1960]; *Capital Tr. Co. v. Simpson*, 235 F. 2d 525 [1956]; *Menzigian* v. *LaRiviere*, 334 Mass. 610 [1956]; *Ross* v. *Burgan*, 163 Ohio St. 211 [1955]; *Fox* v. *Kaminsky*, 239 Wis. 559 [1942]; *Harper* v. *Harper*, 225 N. C. 260 [1945]).*

In my opinion, *Ullery* v. *National Car Rental System* (28 A D 2d 1111, revd. 23 N Y 2d 677) represents this general trend of limiting the rule of *Gochee* v. *Wagner* (*supra*) to its facts. The Court of Appeals held that an issue of fact as to control was presented by the facts, when the lessee was present in the vehicle but not driving at the time that he sustained his injuries.

In fashioning a rule to govern the rights of a lessee injured by the negligence of a driver of a leased automobile, we should be guided (1) by the policy of the State evincing a direct interest in the compensation of all persons injured by the careless use of automobiles without their fault, (2) by recognizing that the rule of imputed negligence springing from constructive control by an owner occupying his car as a passenger is at best a fiction having no relation to present day conditions of traffic and powerful automobiles, and (3) by the fact that the lessor in the business of renting automobiles is surely in the optimal position to spread the risk of injuries throughout his business and the business of others likewise engaged. These considerations lead, it seems to me, to the formation of a rule which allows a recovery from the lessor by the lessee for the negligence of the operator. Of course, the lessee should properly bear the burden of establishing his own freedom from contributory negligence (cf. *Butler* v. *Albert*, 1 A D 2d 43), but the doctrine of imputed negligence should not be expanded beyond its present boundaries.

RABIN, Acting P. J., BENJAMIN and MUNDER, JJ., concur with MARTUSCELLO, J.; HOPKINS, J., dissents, in opinion.

---

* In some States the question of negligence of an owner occupant is determined simply by recourse to the usual rules applicable to passengers (e.g. *Williams* v. *Knapp*, 248 Md. 506 [1968]; *Weber* v. *Stokely-Van Camp*, 274 Minn. 482 [1966]; *Roach* v. *Parker*, 48 Del. 519 [1954]; *Bartek* v. *Glasers Provisions Co.*, 160 Neb. 794 [1955]).

Order modified, on the law, by limiting its decretal provision, which denied the motion, to defendant Frank and by adding a provision that the motion is granted insofar as made by defendants Chasey Auto Rental, Inc. and Manhattan Beach Auto Rental, Inc. and that respondent's action against the latter two defendants is severed from the other causes in the action. As so modified, order affirmed, without costs.

