Stephen E. Burgio, J.
This negligence action presents an issue of first impression, i.e., whether the rule enunciated in Mills v Gabriel (259 App Div 60, affd 284 NY 755) remains a viable doctrine in light of the recently enacted comparative negligence statute (CPLR art 14-A).
The action was tried by this court without a jury and the following facts are found:
On March 3, 1976 a motor vehicle owned by plaintiff and leased to Feldman Lumber Co. (Feldman) was involved in an *264 accident with a vehicle owned by defendant, Delores Johnson, and driven by her husband, Norman Johnson. The accident was attributable 75% to the culpable conduct of the driver of the Feldman vehicle and 25% to the culpable conduct of Norman Johnson. Thereafter, plaintiff commenced the instant action to recover for the damage to its automobile. Inasmuch as the accident herein occurred after September 1, 1975, the effective date of the comparative negligence statute, it must be determined whether the culpable conduct of the driver of the vehicle leased to Feldman is attributable to plaintiff in its suit for property damage.
Section 59 (now § 388) of the Vehicle and Traffic Law was enacted to ameliorate the harsh common-law rule that when the doctrine of respondeat superior could not be invoked, the negligence of the driver of a motor vehicle could not be imputed to the vehicle’s absentee owner (Mills v Gabriel, supra, pp 61-62). But, while the doctrine of contributory negligence still applied in New York, the Court of Appeals consistently refused to apply the statutory imputation of negligence to an absentee owner seeking to recover his property damage. (Continental Auto Lease Corp. v Campbell, 19 NY2d 350; Mills v Gabriel, 284 NY 755, affg 259 App Div 60, supra.)
The court drew a sharp distinction between the imputation of negligence and the imputation of contributory negligence, reasoning that the "effect of imputed negligence is to widen liability; the effect of imputed contributory negligence, to narrow it.” (Continental Auto Lease Corp. v Campbell, supra, p 352.) The expressed rationale for this distinction is to enforce the policy that "one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant.” (Continental Auto Lease Corp. v Campbell, supra, p 352; see, also, Kalechman v Drew Auto Rental, 33 NY2d 397, 404.)
This distinction between imputed negligence and imputed contributory negligence is still applicable despite the enactment of a comparative negligence statute. In its 1975 report to the Legislature, the Judicial Conference stated: "However, this article is not intended to create vicarious liability or to expand the doctrine of imputed contributory negligence, and should be interpreted in harmony with recent decisional law which severely restricts, if it does not entirely eliminate, the doctrine of imputed or vicarious contributory negligence. Ka *265 lechman v. Drew Auto Rental, Inc., (1973).” (Twenty-First Ann Report of NY Judicial Conference, 1976, p 242.)
This court therefore holds that plaintiff is entitled to recover its full damages in the sum of $2,947.25 without any diminution thereof by reason of the imputation of the culpable conduct of the driver of the vehicle which plaintiff leased to Feldman. Defendant is being held liable for the full amount of the damages to plaintiff’s vehicle. Defendant is not, however, without her remedy since she may institute a separate action under Dole v Dow Chem Co. (30 NY2d 143) against the driver of the Feldman vehicle based upon the culpable conduct attributable to that driver (see Executive Equip. Corp. v Schaffhauser, 82 Misc 2d 77).
It should be noted that the above result is somewhat anomalous in that the Mills doctrine — which was formulated while the harsh rule of contributory negligence was still in effect — is now being applied in the context of comparative negligence, which may not completely bar the recovery of a negligent plaintiff. Nevertheless, this court is bound by the uniform weight of the applicable authorities and the principle of stare decisis to arrive at this result.