Chief Judge Cooke
(dissenting). I cannot agree that merely because a landowner is a coemployee of an injured worker, the landowner may not be held liable for a violation of his or her duty to provide a safe workplace under section 241 of the Labor Law. I therefore dissent and vote to reverse.
It is true that subdivision 6 of section 29 of the Workers’ Compensation Law states that workers’ compensation ben *1020 efits “shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in that same employ.” This exclusivity provision should not be construed, however, to negate an owner’s absolute and nondelegable duty to insure the safety of construction and excavation sites under section 241 of the Labor Law. Under subdivision 6 of the section, all contractors and property owners, except certain owners of one- or two-family dwellings, must insure that “[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.”
In enacting this provision, the Legislature’s intention was “to give the workman in the hazardous employment of construction, demolition and excavation added protection, other than workmen’s compensation, in the form of nondelegable duties cast upon the owner and general contractor” (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [emphasis supplied]). This protection will be negated if a landowner may circumvent his or her duty by becoming a coemployee of those performing the work. This is not a case in which the owner of a construction site, working alongside the other employees, negligently knocks a carpenter from a ladder. Here the “employee” was the sole shareholder, chief executive officer, and president of the company that employed plaintiff. The scope of the duties of Van Patten as “coemployee” of plaintiff were virtually coextensive with his duty as landowner. Indeed, the Appellate Division concluded that the “wrong” that Van Patten committed as coemployee was his breach of his duty as property owner under section 241. By this circular reasoning, Van Patten’s breach of his duty under section 241 becomes the ground for insulating him from liability for this breach. To affirm the holding below might well encourage landowners to become “paper” coemployees as a device to avoid their statutory duties under section 241.
Moreover, the majority’s analogy to section 388 of the Vehicle and Traffic Law is not apt. Section 388 makes the *1021 owner of a motor vehicle vicariously liable for any injury or damage caused by the vehicle’s negligent operation by a driver using the vehicle with the owner’s permission. Behind this enactment is “the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant” (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352). Barring a worker injured as result of a coemployee’s negligent operation of a motor vehicle from recovering other than workers’ compensation benefits does not offend the policy behind section 388. Section 241 of the Labor Law, by contrast, is expressly designed to protect workers at construction sites. Barring recovery in instances where the owner who violated his or her duty to provide a safe work site was a coemployee undercuts the goal of section 241 by removing any financial incentive for the owner to make the site safe. Instead, the statute and the Workers’ Compensation Law should be read in harmony, to protect the safety of workers.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur; Chief Judge Cooke dissents and votes to reverse in an opinion.
Order affirmed, with costs, in a memorandum.