OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the third-party defendant’s motion to dismiss the third-party complaint should be denied.
The policy of the law, as declared by the Legislature in CPLR 1401, is to allow contribution "unless it is clear that the legislative policy which led to the passage of the statute would be frustrated by the granting of contribution in favor of the *826 person who violated the statute” (12th Ann Rep of NY Judicial Conference on CPLR, reprinted in 20th Ann Rep of NY Judicial Conference, 1975, at 216, and in 1974 McKinney’s Session Laws of NY, at 1808). Contribution from a vendee to a vendor for injury to a third person does not violate the Dram Shop Act (General Obligations Law § 11-101) (Herrick v Second Outhouse, 64 NY2d 692, affg 100 AD2d 952; Smith v Guli, 106 AD2d 120; Weinheimer v Hoffman, 97 AD2d 314). Nor is it violative of the policy of that act to allow contribution from the estate of a vendee who dies after the accident as to causes of action for the pain and suffering of a deceased injured person and the loss of means of support of her daughter, notwithstanding that the deceased vendee was the husband of the deceased injured person and the father of the means-of-support plaintiff. Although allowing contribution may reduce the total dollars otherwise available to the daughter of the vendee, that stems from the fortuitous circumstance of his later death, and because it is indirect does not violate the policy of the Dram Shop Act.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.