*283
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 This appeal requires that the Court settle an important facet of third-party practice. The underlying main action stems from an accident that involved two tractor-trailers. Plaintiff Mowczan was a passenger in the vehicle of the primary defendants, Haven Transportation, Inc. and Benedetto, who are respectively the owner and operator of that tractor-trailer. The third-party defendant, Maersk, is the owner of the trailer portion of the other vehicle involved in the collision.
 

 Mowczan did not sue Maersk. However, Haven and Benedetto tried to bring Maersk into the case as a third-party defendant. The Appellate Division affirmed Supreme Court’s grant of summary judgment to Maersk dismissing that third-party action. The determination of the lower courts rests on the belief that Maersk could not be liable for contribution under Vehicle and Traffic Law § 388 in the circumstances presented here. Haven and Benedetto appeal pursuant to leave granted by this Court. We now reverse and deny Maersk’s motion.
 

 The third-party action at issue was triggered by a fluke of sorts. Mowczan initially sued only Benedetto, Haven, and the owner and operator of the “tractor” portion of the vehicle to which the Maersk trailer was attached. Several years later, when Mowczan attempted to add Maersk to the lawsuit, he was denied permission to amend the complaint because, by that time, the Statute of Limitations had run as between them. Benedetto and Haven, nevertheless, sought to tie Maersk into the case by timely commencing their third-party contribution action against Maersk. Their theory is that Maersk is statutorily responsible pursuant to Vehicle and Traffic Law § 388 (1).
 

 The triangulation of parties in this matter presents a statutory construction puzzle. This Court must determine whether
 
 *284
 
 contribution should be permitted by means of the Vehicle and Traffic Law’s permissive user provision.
 

 We hold that the owner of a vehicle, who is vicariously liable pursuant to Vehicle and Traffic Law § 388, can be tacked onto a primary lawsuit through a third-party contribution claim. This is so even though the injured party initially fails to sue the owner and is legally foreclosed from doing so at a later point, because the vehicle owner remains potentially subject to liability for contribution purposes
 
 (see, Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 558).
 

 Vehicle and Traffic Law § 388 pertinently provides that the negligence of the user or operator of a motor vehicle is imputed to the owner. This provision, originally enacted in 1924 as section 282-e of the Highway Law, was reenacted as section 59 of the Vehicle and Traffic Law in 1929; decades later it was renumbered as section 388 of the Vehicle and Traffic Law.
 

 Vehicle and Traffic Law § 388 and its predecessors were passed to change the common law and to impose responsibility upon an owner for the negligence of a person legally operating a vehicle with permission
 
 (see, Morris v Snappy Car Rental,
 
 84 NY2d 21, 27;
 
 Continental Auto Lease Corp. v Campbell,
 
 19 NY2d 350, 352-353;
 
 see also,
 
 1958 NY Legis Doc No. 65[G], at 16). The thrust of the statute is designed to give injured persons access to a financially responsible insured entity that might provide for a more realistic recovery of damages. The enactments also removed a hardship and imbalance which the common-law rule visited upon innocent persons; to wit, owners would not be permitted to evade responsibility by claiming that their vehicles were being used either without authority or not in the course of their business
 
 (see, Morris v Snappy Car Rental, supra; Continental Auto Lease Corp. v Campbell, supra; see also,
 
 1958 NY Legis Doc No. 65[G], at 17).
 

 The issue in this case and appeal brings Vehicle and Traffic Law § 388 to an intersection with CPLR 1401, the codification of
 
 Dole v Dow Chem. Co.
 
 (30 NY2d 143 [1972]). That precedent and its legislative effectuation in CPLR article 14 enunciated principles of equitable contribution among tortfeasors in multiparty disputes
 
 (see, Sommer v Federal Signal Corp., supra,
 
 at 556;
 
 see also,
 
 Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1401:l, at 501). “The goal of contribution, as announced in
 
 Dole
 
 and applied since, is fairness to tortfeasors who are jointly liable”
 
 (Sommer v Federal Signal Corp., supra,
 
 at 556-557).
 

 
 *285
 
 These bedrock concerns regarding fault allocation have evolved to an important calculus. Thus, even when a particular defendant is not directly liable to a plaintiff, due to a special defense such as the Statute of Limitations, responsibility by contribution to other defendants or tortfeasors may nevertheless still adhere. Part of the reason for this seeming circuity is that the avoidance of direct liability to the injured plaintiff does not logically or legally equate to the absence of shared fault on the part of the otherwise immune defendant as among the joint tortfeasors
 
 (see, id.,
 
 at 558). Indeed, the procedural engine to allow for equitable distribution of loss in proportion to actual fault is so powerful that even joint actors, liable only in strict liability, may cross-claim for apportionment of relative culpability
 
 (see, Doundoulakis v Town of Hempstead,
 
 42 NY2d 440).
 

 The solution to the particular configuration of the dispute in this case may be pieced together from several of the generally applicable principles and objectives in this third-party universe. “In matters of statutory construction, ‘legislative intent is “the great and controlling principle” ’ ”, and the “proper judicial function is to ‘discern and apply the will of the Legislature’”
 
 (Matter of Scotto v Dinkins,
 
 85 NY2d 209, 214, quoting
 
 Matter of Sutka v Conners,
 
 73 NY2d 395, 403). “Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history”
 
 (Matter of Sutka v Conners,
 
 73 NY2d 395, 403,
 
 supra).
 

 Partly because of the temporal misalignment of enactments affecting the question here, we are charged with trying to discover and discern the intent of the Legislature in enacting a statute in 1924 (and subsequently recodifying it in 1929 and 1959) as it meets a separate species of statute that emerged only in 1974 from the common-law cocoon of
 
 Dole v Dow Chem. Co. (supra).
 
 When the predecessor to Vehicle and Traffic Law § 388 was first enacted, the standard principle of joint and several tort liability subjected each tortfeasor to liability for all of an injured party’s damages, regardless of the varying degrees and percentages of fault among multiple tortfeasors
 
 (see,
 
 Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1401:l, at 501).
 

 The Legislature in the early decades of this century did not foresee or provide for the circumstance that the courts, by common-law evolvements, would alter liability standards with a more progressive fairness distribution. The modernized third-
 
 *286
 
 party mutation of responsibility would thus permit defendants to bring their own third-party claims in order to lessen responsibility in proportion to their equitable share of fault. In this manner, article 14 refined and particularized the procedural calibrations to ensure that defendants would have their own rights of apportionment among tortfeasors based on their actual degrees of fault
 
 (see,
 
 Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C 1401:1, at 502).
 

 Not surprisingly, this effort by human agents in all branches of government to effect a scheme of comprehensive symmetry left interstices. The language of the preexisting Vehicle and Traffic Law § 388 neither precludes nor authorizes the remedy of third parties to seek contribution pursuant to it under circumstances such as are presented here. The question this Court faces, therefore, is whether the overarching policy of CPLR 1401 should fill the gap of this permutation in third-party practice, unimagined as of the time of enactment of the predecessor to Vehicle and Traffic Law § 388. We think it should.
 

 In previously considering a variation of the issue presented in this case, where contribution was sought pursuant to a statute that was enacted prior to the enactment of CPLR article 14, this Court found that “[t]he policy of the law, as declared by the Legislature in CPLR 1401, is to allow contribution ‘unless it is clear that the legislative policy which led to the passage of the statute [General Obligations Law § 11-101] would be frustrated by the granting of contribution in favor of the person who violated the statute’ ”
 
 (Zona v Oatka Rest. & Lounge,
 
 68 NY2d 824, 825-826, quoting 12th Ann Report of NY Jud Conf on CPLR, reprinted in 20th Ann Rep of NY Jud Conf, 1975, at 216, and in 1974 McKinney’s Session Laws of NY, at 1808).
 

 From the history of the Vehicle and Traffic Law we are able to discern a consistent legislative intent (protecting the potential plaintiff as the “injured party”) that is not “frustrated” by our allowance of this third-party contribution claim
 
 (see, Zona v Oatka Rest. & Lounge, supra,
 
 at 825). As long as the Vehicle and Traffic Law purpose is met
 
 (see, Morris v Snappy Car Rental, supra; see also, Continental Auto Lease Corp. v Campbell, supra),
 
 this Court should correspondingly promote fulfillment of another key legislative policy consideration, that of affording procedural and remedial protections to all parties,
 
 inter sese,
 
 in these kinds of multiparty litigation settings. The
 
 *287
 
 basic rights of injured parties are generally unaffected by the contribution calculations
 
 (see, Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 556,
 
 supra).
 
 Thus, we are satisfied, through reasonable and fair statutory interpretation, that the circumstances of this case present no justification for the courts to block third-party contribution opportunities under Vehicle and Traffic Law § 388.
 

 To be sure, the appellants (primary defendants and third-party plaintiffs) are garnering a seemingly lost or foreclosed advantage by being allowed, independently of the plaintiff’s strategies or lapses, to seek contribution from a third-party tortfeasor, whose responsibility directly to the injured party was blocked by the Statute of Limitations
 
 (see, Sommer v Federal Signal Corp., supra,
 
 at 558). Despite that idiosyncratic twist, this Court’s role is to apply the discernible will of the Legislature and not some freestanding perception or preference for a logically fastidious statutory regime
 
 (see, Matter of Sutka v Conners,
 
 73 NY2d 395, 403,
 
 supra).
 
 Therefore, we are satisfied that a cogently supportable statutory interpretation, buttressed by precedential analogues and authorities, warrants a reversal and the allowance of the third-party defendant’s augmentation to this case, as a party answerable to the defendants/third-party plaintiffs.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, third-party defendant Maersk’s motion for summary judgment dismissing the third-party complaint should be denied and the case should be remitted to Supreme Court for further proceedings.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, with costs, and third-party defendant Maersk Container Inc.’s motion for summary judgment dismissing the third-party complaint denied.