[886 NYS2d 228]

Nicole Sue Schuyler, Appellant, v Carmen M. Perry, Respondent, et al., Defendant.

Second Department, September 29, 2009

**APPEARANCES OF COUNSEL**

*Schonberg Law Offices of the Hudson Valley, P.C.*, Central Valley (*Susan R. Nudelman* of counsel), for appellant.

*O'Connor Redd, LLP*, White Plains (*Panita Phanichayakarn* of counsel), for respondent.

**OPINION OF THE COURT**

DICKERSON, J.

The question before this Court is whether Vehicle and Traffic Law § 388 (1) may be invoked by the defendant Carmen M. Perry, an allegedly negligent operator of one vehicle involved in a two-vehicle collision, in order to interpose a counterclaim against the plaintiff, who was both the owner of and the passenger in the other vehicle, thus imposing vicarious liability upon the plaintiff for the negligent acts of the operator of the plaintiff's vehicle, and thereby reducing the recovery to which the plaintiff may otherwise be entitled. We answer the question in the negative.

The Collision

On September 13, 2005, the plaintiff was a passenger in a vehicle she owned, which was being driven by her then-boyfriend, the defendant Michael G. DiMicco. It is undisputed that DiMicco was operating the plaintiff's vehicle with the plaintiff's permission.

At the intersection of Holmes Road and South White Rock Road in Pawling, the plaintiff's vehicle collided with a vehicle driven by Perry. The plaintiff allegedly sustained injuries as a result of the collision.

The Pleadings

The plaintiff commenced this action by the filing of a summons and verified complaint dated April 18, 2006. In the sole cause of action, the plaintiff asserted that, on or about September 13, 2005, the vehicle she owned, which was being operated by DiMicco, collided with the vehicle operated by Perry. The plaintiff claimed that the accident and the serious injuries

she sustained as a result of the accident were caused by the defendants' negligence.

Perry served an answer, largely denying all material allegations in the complaint. In a cross claim against DiMicco, Perry asserted that, if the plaintiff did sustain damages as a result of any negligence other than her own, these damages resulted from DiMicco's negligence. Accordingly, Perry asserted that, in the event that the plaintiff was awarded a judgment against her, DiMicco would be liable to Perry for any amount in excess of Perry's equitable share of the judgment.

Motion for Leave to Serve an Amended Answer

Four months after the plaintiff filed a note of issue, Perry moved pursuant to CPLR 3025 (b) for leave to serve an amended answer including, inter alia, a counterclaim. The proposed counterclaim—which was included in both a first proposed amended answer and a second proposed amended answer—was premised on Vehicle and Traffic Law § 388 (1), which, with certain exceptions not applicable here (*see* 49 USC § 30106; *Graham v Dunkley*, 50 AD3d 55 [2008]), provides that the owner of a motor vehicle is vicariously liable for injuries to persons or property resulting from the negligent use or operation of the vehicle by any person using or operating the vehicle with the owner's express or implied permission. Perry claimed that, if the plaintiff were awarded a verdict against her, Perry would be entitled to recover against DiMicco—who had been operating the plaintiff's vehicle with the plaintiff's permission—if DiMicco were found negligent. Thus, Perry claimed that the plaintiff "would be held statutorily liable (as owner of the car) for the same amount as [DiMicco, the operator of the vehicle], pursuant to Section 388" of the Vehicle and Traffic Law. In the counterclaim set forth in the first proposed amended answer, Perry asserted that, if the plaintiff recovered a judgment against her, the damages awarded would have been caused by the plaintiff's "primary negligence" as well as any duties "implied in laws." The proposed counterclaim did not expressly cite Vehicle and Traffic Law § 388.

Subsequently, Perry served a second proposed amended answer, refining the counterclaim by omitting the reference to the plaintiff's alleged "primary negligence" and by asserting that, if the plaintiff obtained a verdict against Perry, Perry could recover against DiMicco if he were found negligent, and the plaintiff would be statutorily liable for the same amount as DiMicco pursuant to Vehicle and Traffic Law § 388 (1), thus reducing the plaintiff's recovery.

Order Appealed From

In an order dated June 9, 2008, the Supreme Court, over the plaintiff's and DiMicco's opposition, granted Perry's motion for leave to serve an amended answer. The court observed that CPLR 3025 (b) provides, in part, that " '[a] party may amend his [or her] pleading . . . at any time by leave of court . . . [L]eave shall be freely given.' " The court stated that for a party to defeat a defendant's motion for leave to amend, the opposing party must demonstrate significant prejudice. The court determined that the plaintiff and DiMicco failed to demonstrate prejudice sufficient to justify denial of Perry's motion. Accordingly, the court granted Perry's motion. We reverse because the proposed counterclaim pursuant to Vehicle and Traffic Law § 388 (1) is palpably insufficient and patently devoid of merit.

Discussion

CPLR 3025 (b)

CPLR 3025 (b) provides:

> "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances."

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *see Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]).

Vehicle and Traffic Law § 388

Vehicle and Traffic Law § 388 provides, in relevant part:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person

using or operating the same with the permission, express or implied, of such owner." (Vehicle and Traffic Law § 388 [1].)

"Vehicle and Traffic Law § 388 and its predecessors were passed to change the common law and to impose responsibility upon an owner for the negligence of a person legally operating a vehicle with permission" (*Mowczan v Bacon*, 92 NY2d 281, 284 [1998]; *see Morris v Snappy Car Rental*, 84 NY2d 21, 27 [1994]; *Continental Auto Lease Corp. v Campbell*, 19 NY2d 350, 352-353 [1967]).

"The thrust of the statute is designed to give injured persons access to a financially responsible insured entity that might provide for a more realistic recovery of damages. The enactments also removed a hardship and imbalance which the common-law rule visited upon innocent persons; to wit, owners would not be permitted to evade responsibility by claiming that their vehicles were being used either without authority or not in the course of their business" (*Mowczan v Bacon*, 92 NY2d at 284 [citations omitted]; *see Morris v Snappy Car Rental*, 84 NY2d 21 [1994]; *Continental Auto Lease Corp. v Campbell*, 19 NY2d 350 [1967]).

*Gochee, Kalechman* and Related Cases

In *Gochee v Wagner* (257 NY 344, 345-346 [1931]), decided prior to the enactment of Vehicle and Traffic Law § 388 (1), the plaintiff was a passenger in a vehicle owned by him, which was being driven by his wife. The vehicle collided with the defendant's vehicle (*id.*). In an action by the plaintiff to recover damages for personal injuries and property damage, the jury found both drivers to be negligent (*id.* at 346). The Court of Appeals held that the contributory negligence of the driver of the vehicle in which the plaintiff was a passenger should be imputed to the passenger-owner because he was present and had the right to control the operation of the vehicle (*id.* at 348).

In a case decided after *Gochee*, however, this Court stated that the statutory predecessor to Vehicle and Traffic Law § 388 may not "be invoked for the [general] purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought by third persons against the owner" (*Mills v Gabriel*, 259 App Div 60, 62 [1940]).

The Court of Appeals, in *Continental Auto Lease Corp. v Campbell* (19 NY2d at 352), in considering Vehicle and Traffic

Law § 388, observed that "there is a distinction between imputed negligence and imputed contributory negligence. The effect of imputed negligence is to widen liability; the effect of imputed contributory negligence, to narrow it." The Court further observed that Vehicle and Traffic Law § 388

> "imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his [or her] permission for the purpose of imposing on the owner liability to an injured third party. This enactment expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant. The owner of the automobile is the obvious candidate, for he [or she] can most easily carry insurance to cover the risk." (*Continental Auto Lease Corp. v Campbell*, 19 NY2d at 352.)

The Court of Appeals, in discussing *Mills*, stated, among other things, that the policy underlying the enactment of Vehicle and Traffic Law § 388 "broadened liability for the protection of the injured plaintiff [and] gives no support to the doctrine of imputed contributory negligence which narrows the liability of a negligent defendant to a plaintiff innocent of actual negligence" (*Continental Auto Lease Corp. v Campbell*, 19 NY2d at 352). The Court of Appeals referred to *Mills*, as affirmed (*see Mills v Gabriel*, 284 NY 755 [1940], *affg* 259 App Div 60 [1940]), as "the leading case refusing to impute contributory negligence to an absentee owner" (*Continental Auto Lease Corp. v Campbell*, 19 NY2d at 352). The Court of Appeals in *Continental* proceeded to contrast *Mills* with *Gochee*, which it expressly overruled six years later in *Kalechman v Drew Auto Rental* (33 NY2d 397, 399 [1973]).

In *Kalechman*, the plaintiff's decedent, Hersz Kalechman, was killed in a collision between a truck and a car owned by the defendant. Kalechman was a passenger in the vehicle at the time of the accident, and, as an employee of the lessee, he had custody and control of the vehicle (*id.* at 401). The lone defendant was the owner of the vehicle in which Kalechman was a passenger, and its liability rested solely on application of Vehicle and Traffic Law § 388 (*Kalechman v Drew Auto Rental*, 33 NY2d at 399). The Court proceeded to consider the basis for and evolution of the rule articulated in *Gochee* (*id.* at 401-405), and observed that

> "in *Continental* v. *Campbell* . . . we reaffirmed the

rule of *Mills* v. *Gabriel* (284 N.Y. 755) holding that section 388 of the Vehicle and Traffic Law which imputes to an absentee owner the negligence of his driver, for the purpose of imposing liability for injury to a third party, may not be used to impute contributory negligence to the absentee owner in an action to recover for property damages to his vehicle" (*Kalechman v Drew Auto Rental*, 33 NY2d at 404). Ultimately, the Court of Appeals determined that

> "the *Gochee* rule is based on an unrealistic fiction, conceptually flawed, serves no useful social purpose and frustrates the express public policy 'that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant. The owner of the automobile [being] the obvious candidate' " (*id.*, quoting *Continental Auto Lease Corp. v Campbell*, 19 NY2d at 352).

The Court expressly stated that the *Gochee* rule "survive[d] only as a remnant of the past reflecting a period in the history of the common law when the relationship between the passenger and the driver was generally considered to be a relevant circumstance in determining the passenger's right to recover for injuries" (*Kalechman v Drew Auto Rental*, 33 NY2d at 404). It further held that the *Gochee* rule no longer had a place in the present scheme of tort liability (*id.*). The Court went on to explain that

> "[c]learly we have reached the point where the general rule now is that the passenger's right to recover should not be barred merely because he bears some special relationship to the driver—a rule to which *Gochee* represents a somewhat incongruous exception" (*Kalechman v Drew Auto Rental*, 33 NY2d at 405).

The Court continued:

> "We have therefore concluded that *Gochee* v. *Wagner* should be overruled, and that the general rule should be applied without exception by allowing the plaintiff passenger to recover for negligent operation of the vehicle—no matter what his relationship to the driver may be—unless it is shown that his own personal negligence contributed to the injury" (*Kalechman v Drew Auto Rental*, 33 NY2d at 405).

The PJI Instruction

Based on *Kalechman*, PJI 2:250 now provides that a trial justice, instructing a jury as to the law of vicarious liability, should state:

> "I have already instructed you that a vehicle owner who is sued as a defendant may, under certain circumstances, be held responsible for the negligence of the driver of the vehicle. However, the principle that the owner may be held responsible for the negligence of the driver does not apply to the owner's own lawsuit to recover for (personal injuries, property damage) sustained by the owner. The owner may recover for (personal injuries, property damages), even though negligence of the driver of the vehicle may have contributed to causing such (injuries, damages). The negligence of the driver, if any, has no effect on whether the owner may recover for (personal injuries, property damages)."

The comment to that instruction does note, inter alia, "that the above charge deals only with the imputation of contributory fault to the owner. An owner is responsible to others for negligence of one who uses the vehicle with the owner's permission" (1B NY PJI3d 2:250, at 1387 [2009]).

The Merits of Perry's Counterclaim

Here, Perry seeks to assert a counterclaim against the plaintiff "for the same amount as [DiMicco], pursuant to" Vehicle and Traffic Law § 388. Perry, thus, in effect, seeks to impute comparative negligence to the plaintiff pursuant to Vehicle and Traffic Law § 388 for the alleged negligence of DiMicco, the operator of the plaintiff's vehicle. This is prohibited by *Kalechman*.

As set forth in *Kalechman*, the general rule, notwithstanding Vehicle and Traffic Law § 388, is that the passenger's right to recover may not be barred on the basis of some special relationship to the driver, and that, in the absence of proof that the passenger's personal negligence contributed to the injury, the general rule must be applied (*see Kalechman v Drew Auto Rental*, 33 NY2d at 405; *see Continental Auto Lease Corp. v Campbell*, 19 NY2d 350 [1967]; *see also* PJI 2:250; 6 Warren's Negligence in New York Courts § 228.04 [10] [2d ed] ["Vehicle and Traffic Law § 388 Applies Only in Actions by Third Persons Against Owner"]; Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 9:25, at 546 [14 West's NY Prac Series 1997]

["The derivative liability of an owner pursuant to the statute has no impact on the owner's action against a third party for property damage, personal injury or death. The driver's negligence will not be imputed to the owner when the owner brings suit for damage to the vehicle or injury to persons caused by a negligent third party"]).

Perry seeks to distinguish *Kalechman* on the basis that, in that case, the plaintiff's decedent, Hersz Kalechman, was a passenger but was not the owner of the vehicle. Perry's contention is without merit. The Court of Appeals observed that Kalechman, as the lessee's employee, had custody and control of the vehicle, and, accordingly, *Gochee* and its progeny would otherwise be applicable (*Kalechman v Drew Auto Rental*, 33 NY2d at 401). The Court nonetheless held that "[t]he sole issue on . . . appeal [wa]s whether the driver's negligence should be imputed to the passenger so as to bar any recovery against the owner under section 388 of the Vehicle and Traffic Law" (*Kalechman v Drew Auto Rental*, 33 NY2d at 399). Here, the plaintiff passenger owned the vehicle, DiMicco drove that vehicle with her permission, and she seeks to recover damages from both DiMicco and Perry for their alleged negligence. While the circumstances in *Kalechman* do not precisely duplicate those presented here, the principles espoused in *Kalechman* apply despite these factual differences.

Moreover, the manner in which Perry seeks to apply Vehicle and Traffic Law § 388 would be contrary to the purpose of that statutory provision. Vehicle and Traffic Law § 388 "is designed to give injured persons access to a financially responsible insured entity that might provide for a more realistic recovery of damages" (*Mowczan v Bacon*, 92 NY2d at 284; *see Continental Auto Lease Corp. v Campbell*, 19 NY2d at 352 [Vehicle and Traffic Law § 388 "expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant"]; *see also* Siegel, NY Prac § 97, at 172 [4th ed] [section 388 is a substantive liability creator, imputing to the owner of a vehicle the conduct of one driving with the owner's permission, so as to make the owner, and his or her insurance policy, available to pay the damages of an injured third person]). This aim would not be served by applying Vehicle and Traffic Law § 388 as Perry proposes to do here. The manner in which Perry seeks to interpret Vehicle and Traffic Law § 388 would be at odds with the purpose of that statute, as it would, in many cases, hinder injured plaintiffs in their efforts to recover damages for their injuries.

Finally, the record is devoid of any evidence to support a theory that the plaintiff was actively negligent or liable for "primary negligence," as alleged in the first proposed amended answer.

## Conclusion

The Supreme Court improvidently exercised its discretion in granting Perry's motion for leave to serve an amended answer, as the first proposed amended answer was palpably insufficient and patently devoid of merit, insofar as the counterclaim contained therein was based on allegations of the plaintiff's active or primary negligence or the plaintiff's vicarious liability for DiMicco's conduct, and the second proposed amended answer was palpably insufficient and patently devoid of merit, insofar as the counterclaim contained therein was based on allegations of the plaintiff's vicarious liability for DiMicco's conduct.

In light of our determination, we need not reach the plaintiff's remaining contention.

Accordingly, the order is reversed, on the law, and Perry's motion for leave to serve an amended answer to add a counterclaim is denied.

SPOLZINO, J.P., COVELLO and ANGIOLILLO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Carmen M. Perry for leave to serve an amended answer to add a counterclaim is denied.