[927 NYS2d 128]

CHRISTOPHER MIKELINICH, Appellant, v NICHOLAS CALIANDRO et al., Respondents.

Second Department, July 5, 2011

---

## APPEARANCES OF COUNSEL

*Rutberg & Associates, P.C.* and *Pollack, Pollack, Isaac & De-Cicco* (*Lawrence A. Breslow* and *Brian J. Isaac* of counsel), New York City, for appellant.

*Kornfeld, Rew, Newman & Simeone,* Suffern (*Maurice J. Recchia* of counsel), for respondents.

### OPINION OF THE COURT

CHAMBERS, J.

The sole issue on this appeal is whether the owner of an all-terrain vehicle is barred under Vehicle and Traffic Law § 2411 from recovering damages for personal injuries to himself and damage to his property based on the alleged negligence of a permissive driver of that vehicle. We answer this question in the negative.

## Factual Background

The plaintiff, Christopher Mikelinich, alleges that on May 3, 2008, he was hit by an all-terrain vehicle (hereinafter the ATV) owned by him[1] and driven by the defendant Nicholas Caliandro, allegedly injuring the plaintiff and causing damage to the ATV. The plaintiff alleged that Caliandro, who was then 17 years old, along with his guardian, the defendant Jefferson K. Martin, stopped by the plaintiff's home and asked if Caliandro could try the plaintiff's ATV, as Martin was contemplating buying one for Caliandro. The plaintiff agreed to allow Caliandro to operate the ATV, and gave him instructions on how to drive it. During a second run around the plaintiff's driveway, Caliandro, as he

---

1. For the purposes of this motion, the plaintiff has conceded that he either owned or controlled the ATV.

drove downhill, panicked and engaged the throttle, accelerating to nearly 20 miles per hour. Realizing that Caliandro had lost control of the ATV, the plaintiff ran toward him, intending to strike his hand from the throttle in order to slow the ATV and prevent a collision with a steel, pop-up camper. However, as he neared the ATV, Caliandro made a sharp right turn and struck the plaintiff with the ATV. The plaintiff then brought this action against Caliandro and Martin, alleging, among other things, negligent operation of the ATV and negligent entrustment.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), arguing that since the ATV was used with the plaintiff's permission, Caliandro's negligence was attributable to the plaintiff and, thus, he was barred from recovering under Vehicle and Traffic Law § 2411.[2]

The plaintiff opposed the motion, asserting that Vehicle and Traffic Law § 2411 did not bar his action. Relying on Vehicle and Traffic Law § 388, the plaintiff argued that Vehicle and Traffic Law § 2411 should be given the same interpretation, that is, both sections were enacted to expand liability, not curtail it.

In reply, the defendants countered that even if Vehicle and Traffic Law § 2411 was a vicarious liability statute, the plaintiff was still barred from recovering under section 2411, since his own direct negligence in jumping in front of the ATV, regardless of his motivation for doing so, barred recovery.

The Supreme Court granted the motion to dismiss the complaint.

## Analysis

Vehicle and Traffic Law § 2411, entitled "Liability for negligence," provides,

> "Negligence in the use [or] operation of an ATV shall be attributable to the owner. Every owner of an ATV used or operated in this state shall be liable and responsible for death or injury to person or damage to property resulting from negligence in the use or operation of such ATV by any person using or operating the same with the permission, express or implied, of such owner, provided, however, that

2. The defendants, through an affidavit from Martin, contested the reason why Caliandro operated the ATV, and whether it was done at the urging of the plaintiff or Martin.

such operator's negligence shall not be attributed to the owner as to any claim or cause of action accruing to the operator or his legal representative for such injuries or death."

As the parties both recognize, the issue raised with respect to an ATV owner is one of first impression. However, the same issue has been addressed by our courts in the context of an automobile owner. Notably, the wording of Vehicle and Traffic Law § 388 is substantially similar to Vehicle and Traffic Law § 2411. Thus, the touchstone for our analysis of the provision at issue here is Vehicle and Traffic Law § 388 and the related case law interpreting it.

Vehicle and Traffic Law § 388 (1), entitled "Negligence in use or operation of vehicle attributable to owner," provides,

"Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

Prior to the enactment of Vehicle and Traffic Law § 388, at common law, a car owner could only be held liable for the negligence of a permissive operator under agency or respondeat superior theories and, thus, a car owner could avoid liability by claiming that the car was used without his authority or not in his business (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]; *Morris v Snappy Car Rental*, 84 NY2d 21, 27 [1994]; *Schuyler v Perry*, 69 AD3d 33, 37 [2009]; *King v Car Rentals, Inc.*, 29 AD3d 205, 216 [2006]). Vehicle and Traffic Law § 388 and its predecessors were enacted to change this common-law rule and to impose liability upon the owner of a vehicle for the negligence of a person legally operating the car with the permission, express or implied, of the owner (*see Morris v Snappy Car Rental*, 84 NY2d at 27; *Schuyler v Perry*, 69 AD3d at 37).[3] Further, one of the key policies underlying this provision is that it ensured recourse by injured persons to a financially responsible person, as the car owner can easily carry insurance to cover the risk (*see Murdza v Zimmerman*, 99 NY2d at 379; *Morris v Snappy Car Rental*, 84 NY2d at 27; *Continental Auto Lease*

---

3. The predecessors to Vehicle and Traffic Law § 388 were Highway Law § 282-e and Vehicle and Traffic Law § 59 (*see Morris v Snappy Car Rental*, 84 NY2d at 27 n 1; *Mowczan v Bacon*, 92 NY2d 281, 284 [1998]).

*Corp. v Campbell*, 19 NY2d 350, 352 [1967]). "The statute created liability where none previously existed, the nature of that liability being vicarious and its predicate purely statutory" (*Morris v Snappy Car Rental*, 84 NY2d at 27). In other words, a car owner was held liable for an accident caused by the negligence of a permissive operator even if the owner himself or herself was free from negligence (*see Plath v Justus*, 28 NY2d 16, 20 [1971]). The owner and operator are jointly and severally liable (*see Sullivan v Spandau*, 186 AD2d 641, 642 [1992]). The owner, though, is free to seek indemnification from the negligent operator (*see Scherer v North Shore Car Wash Corp.*, 32 AD3d 426, 427 [2006]; *Ciatto v Lieberman*, 1 AD3d 553, 556 [2003]).

The question then arose as to whether the owner could recover damages for personal injuries and/or property damage he or she sustained as a result of the permissive operator's negligence. In other words, was the permissive operator's negligence imputed to the owner such that the owner was barred from recovering for his or her own damages? In *Gochee v Wagner* (257 NY 344 [1931]), the Court of Appeals held that the negligence of the driver of a motor vehicle had to be imputed to the owner of the vehicle for purposes of the owner's claims against the other driver if the owner was a passenger in the vehicle at the time of the accident. This rationale was grounded on the premise that the owner was present and, thus, he or she could exercise authority and control over the driver's actions at any time. However, as subsequent cases made clear, the driver's negligence would not be imputed to the owner if the action was against the driver himself or herself (*see Kleinman v Frank*, 34 AD2d 121 [1970], *affd* 28 NY2d 603 [1971]; *Webb v Elmira Water, Light & R.R. Co., Inc.*, 144 Misc 506 [1932]). The Court of Appeals summarized the rule that emerged as, "[t]he driver's negligence will be imputed to the passenger to defeat his [or her] action whenever the passenger has the exclusive authority to control the operation of the vehicle, *except in a case where the driver himself* [or herself] is the defendant" (*Kalechman v Drew Auto Rental*, 33 NY2d 397, 401 [1973] [emphasis added]).

Indeed, in *Kalechman*, the Court of Appeals overruled *Gochee* and its progeny. The Court roundly criticized the policies underlying the rule that had emerged. The rule was based on a legal fiction that the owner had the capacity to interfere with the operation of the car, a legal fiction carried over from the days of the horse and buggy where the owner could easily regain control of a horse by reaching over and taking the reins from a

negligent driver (*id.* at 402-403). Indeed, the Court of Appeals stated, imputed or vicarious contributory negligence was "an illegitimate offspring of the vicarious liability concept" (*id.* at 403). In other words, a rule designed to broaden liability was being used to curtail liability (*id.* at 404). In place of the former rule, the Court adopted the rule that a passenger's right to recover should not be barred merely because he or she bears some special relationship to the driver (*id.* at 405).

As a consequence, the Pattern Jury Instructions on the law of vicarious liability reads as follows:

> "I have already instructed you that a vehicle owner who is sued as a defendant may, under certain circumstances, be held responsible for the negligence of the driver of the vehicle. However, the principle that the owner may be held responsible for the negligence of the driver does not apply to the owner's own lawsuit to recover for (personal injuries, property damage) sustained by the owner. The owner may recover for (personal injuries, property damages), even though negligence of the driver of the vehicle may have contributed to causing such (injuries, damages). The negligence of the driver, if any, has no effect on whether the owner may recover for (personal injuries, property damages) (PJI 2:250)."

█ Contrary to the defendants' contention, we discern no basis for interpreting Vehicle and Traffic Law § 2411 differently from Vehicle and Traffic Law § 388. The interpretation the defendants offer, that an owner is barred from recovering against a permissive operator, was rejected long before *Kalechman* (*see Kleinman v Frank*, 34 AD2d at 122; *Webb v Elmira Water, Light & R.R. Co., Inc.*, 144 Misc at 506). The language of the two statutes is nearly identical, and the Legislature has used similar language in defining the vicarious liability of vessel owners and snowmobile owners (*see* Parks, Recreation and Historic Preservation Law § 25.23; Navigation Law § 48). While the defendants assert that a different interpretation should be given to Vehicle and Traffic Law § 2411 so as to prevent the plaintiff "from profiting by his own actions in causing his alleged injuries," the comparative negligence statute (*see* CPLR 1411) will ensure that the plaintiff will not recover for damages resulting from his (or her) negligence, if any, in causing the accident. Moreover, the

defendants' interpretation would subvert the policy behind statutes such as Vehicle and Traffic Law §§ 388 and 2411 by curtailing liability, when they were designed to broaden it (*see Kalechman v Drew Auto Rental*, 33 NY2d at 403-404).

■ The defendants also contend, based on language in *Schuyler v Perry* (69 AD3d at 40), that even if Vehicle and Traffic Law § 2411 is a vicarious liability statute, the plaintiff is barred from recovering, as his own direct negligence in jumping out in front of the ATV contributed to the accident. In *Schuyler*, we stated that

> "[a]s set forth in *Kalechman*, the general rule, notwithstanding Vehicle and Traffic Law § 388, is that the passenger's right to recover may not be barred on the basis of some special relationship to the driver, and that, in the absence of proof that the passenger's personal negligence contributed to the injury, the general rule must be applied" (*Schuyler v Perry*, 69 AD3d at 40).

In using that language, this Court was effectively quoting from *Kalechman*, and, at the time *Kalechman* was decided, contributory negligence, which barred recovery if the plaintiff was even one percent at fault, was still the law (*see Bibergal v McCormick*, 101 Misc 2d 794, 799 [1979]). Indeed, we clearly noted in *Schuyler* that what was at issue was "imputed [comparative] negligence," not the owner's own negligence, and that imputed comparative negligence was prohibited (*see Schuyler v Perry*, 69 AD3d at 40, 42). Thus, even if the plaintiff's conduct in jumping in front of the ATV was found to be negligent, it would not bar his recovery, but only reduce the amount of his recoverable damages in proportion to his fault (*see* CPLR 1411; *Holt v Nesbit*, 110 AD2d 1039, 1040 [1985]; *Bibergal v McCormick*, 101 Misc 2d at 799; *Avis Rent-A-Car Sys. v Johnson*, 90 Misc 2d 263, 264 [1977]; 3-31 New York Practice Guide: Negligence § 31.03 [2] [c]).

Accordingly, the Supreme Court erred in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Therefore, the order is reversed, on the law, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) is denied.

FLORIO, J.P., DICKERSON and LOTT, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) is denied.